UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DESIROUS PARTIES UNLIMITED INCORPORATED, <br><br>           Plaintiff, <br>    vs. <br><br>RIGHT CONNECTION INCORPORATED, *et al.*, <br><br>           Defendants. | Case No.: 2:21-cv-01838-GMN-BNW <br><br> **ORDER** |

Pending before the Court is the Emergency Motion to Enforce Injunction Order, (ECF No. 82), filed by Plaintiff Desirous Parties Unlimited Incorporated ("Plaintiff"). Defendants Right Connection Incorporated ("Right Connection") and Donald D. Hughes II (collectively, "Defendants") filed a Response, (ECF No. 87), to which Plaintiff filed a Reply, (ECF No. 90).

Also pending before the Court is the Motion for Reconsideration or Stay Pending Appeal, (ECF No. 85), filed by Defendants. Plaintiff filed a Response, (ECF No. 91), to which Defendants filed a Reply, (ECF No. 93).

Also pending before the Court is the Motion to Strike Reply, (ECF No. 92), filed by Defendants.

For the reasons set forth below, Plaintiff's Motion to Enforce Injunction Order is **GRANTED IN PART** and **DENIED IN PART**, Defendants' Motion for Reconsideration or Stay Pending Appeal is **DENIED**, and Defendants' Motion to Strike Reply is **DENIED**.[1]

---

[1] Under the Local Rules of this Court, a "reply brief must only address arguments made in the response." LR 12-1(a)(3). "[T]he court cannot consider new evidence provided in a reply when the other party does not have an opportunity to respond to the evidence." *Oracle USA, Inc. v. Rimini St., Inc.*, No. 2:10-CV-0106-LRH-VCF, 2016 WL 6208254, at *2 (D. Nev. Oct. 24, 2016) (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)). The Court finds that the information contained in the Reply only addresses arguments made in the

## I. BACKGROUND

This action arises from Defendant Right Connection, Inc.'s alleged infringement of Plaintiff's "DIRTY VIBES" trademark and copyrighted material that Plaintiff uses to market its adult oriented entertainment events. (*See* Compl., ECF No. 1). On September 7, 2022, this Court granted in part and denied in part Plaintiff's Motion for Preliminary Injunction. (Order, ECF No. 72). The Court incorporates the background information from this previous Order. (*See id.* 2:4–5:17).

In its Order, this Court enjoined Defendants from the following activity:

1) referencing, mentioning and/or using in any way Plaintiff's "DIRTY VIBES" trademark in connection with the sale of their services;

2) referencing, mentioning and/or using in any way any other mark confusingly similar to the "DIRTY VIBES" trademark in connection with their sale of services;

3) advertising, marketing, or describing services under the trademark "DIRTY VIBES" in any manner likely to mislead consumers as to the provider of such services, and/or their affiliation with Plaintiff;

4) posting, maintaining, displaying, using, or performing Plaintiff's copyrighted images or promotional videos. In addition, Defendants shall post a prominently displayed written notice on the homepage of "dirty-vibes.com" website, reading:

This website has been required by the United States District Court for the District of Nevada to post this notice in order to avoid further confusion in the marketplace. "DIRTY VIBES" events or other services formerly held or provided through this website have no affiliation, and have never had any affiliation, with genuine DIRTY VIBES events held by DESIROUS PARTIES UNLIMITED, INC. that bear DIRTY VIBES trademark. The Court has ordered that this website may no longer utilize "DIRTY VIBES" to hold any event or provide other related services in order to avoid confusion between those held or provided by DESIROUS PARTIES UNLIMITED, INC.

///

---

Response. (*See generally*, Reply Mot. Enforce; Resp. Mot. Enforce). Accordingly, the Court **DENIES** Defendants' Motion to Strike, ECF No. 92.

(Order 17:23–18:11).  On October 5, 2022, Defendants filed a notice of appeal of this Order. (Notice of Appeal, ECF No. 79).

At the time of the Court's Injunction Order, Right Connection had been using www.dirty-vibes.com as the domain address for its website. (Order 11:19–20).  After the Court issued the Injunction Order, Right Connection placed the required notice in small font at the bottom of www.dirty-vibes.com. (*See* www.dirty-vibes website as of September 28, 2022, Ex. E to Resp. Mot. Enforce, ECF No. 87-9).  However, Right Connection stopped using the www.dirty-vibes.com domain address and ultimately took it down effective October 18, 2022. (Resp. Mot. Enforce 13:4–6).  Right Connection then created a new website under the domain address www.dv-event.com. (*Id.* 13:6–8).  Now, a user who enters the www.dirty-vibes.com domain address is redirected to the www.dv-event.com address. (*Id.*).  The www.dv-event.com site is substantially similar to the www.dirty-vibes.com site, except the www.dv-event.com site does not include the required notice and removed the words "dirty vibes" from its "DV" logo. (*See* www.dv-event.com website, Ex. F to Resp. Mot. Enforce, ECF No. 87-10).

On October 24, 2022, Plaintiff filed the instant Emergency Motion to Enforce Injunction Order, alleging that Defendants are violating the Court's Injunction Order. (Emergency Mot. Enforce Injunction Order, ECF No. 82).  Defendants then filed the Motion for Reconsideration or Stay Pending Appeal. (Mot. Reconsideration or Stay, ECF No. 85).

II.     **MOTION TO ENFORCE**

   A. Legal Standard

"Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).  A district court has the inherent power to enforce its orders through civil contempt. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966).  A finding of civil contempt is proper when a party

disobeys a specific and definite court order by failing to take all reasonable steps within his or her power to comply. *In re Dual-Deck*, 10 F.3d at 695. "The nationwide scope of an injunction carries with it the concomitant power of the court to reach out to nonparties who knowingly violate its orders." *Reebok Intern. Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995) (quoting *Waffenschmidt v. MacKay*, 763 F.2d 711, 717 (5th Cir. 1985)). "The contempt must be proved by clear and convincing evidence." *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982). "There is no good faith exception to the requirement of obedience to a court order. But a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *In re Dual–Deck*, 10 F.3d at 695 (internal citation and quotation marks omitted).

To establish civil contempt, Plaintiff bears the burden of showing "(1) that [Defendant] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence." *Labor/Cmty. Strategy Ctr. v. Los Angeles Cty. Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir. 2009) (quoting *In re Dual-Deck*, 10 F.3d at 695). "Clear and convincing evidence requires greater proof than preponderance of the evidence. To meet this higher standard, a party must present sufficient evidence to produce 'in the ultimate factfinder an abiding conviction that the truth of its factual contentions are [sic] highly probable.'" *Sophanthavong v. Palmateer*, 378 F.3d 859, 866–67 (9th Cir. 2004) (quoting *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984)); *see also* O'Malley, et al., Federal Jury Practice & Instructions § 104:02 (6th ed. 2022) ("'Clear and convincing evidence' is evidence that produces in your mind a firm belief or conviction as to the matter at issue."). The Supreme Court has held that "civil contempt should not be resorted to where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801–02 (2019) (cleaned up).

///

**B. Discussion**

Plaintiff alleges that Defendants are "willfully and knowingly" violating the Court's Injunction Order by continuing to use Plaintiff's trademark and copyrighted materials and failing to include the required notice on their website. (Mot. Enforce 8:27–9:4, ECF No. 82). Defendants maintain that they have not violated the Injunction Order.[2] (Resp. Mot. Enforce 2:15–16, ECF No. 87).

  1. **Civil Contempt**

The Court finds that Defendants are not complying with the Court's Injunction Order. The Injunction Order clearly enjoins Defendants from referencing, mentioning, and/or using Plaintiff's "Dirty Vibes" trademark, or any other mark confusingly similar to the "Dirty Vibes" trademark. (Order 17:23–18:5). Although the Injunction Order interprets the trademark as being only the phrase "Dirty Vibes" and not a logo, (*see id.*), the Court agrees with Plaintiff that Defendants are not complying with the spirit of the Order as it is written. (*See* Reply Mot. Enforce 8:1–5).

On its old website, Right Connection used the "Dirty Vibes" mark in conjunction with its logo. (*See* Defendants' website www.dirty-vibes.com as of October 4, 2022, at 2, Ex. 4 to Mot. Enforce, ECF No. 82-5). This logo included the phrase "dirty vibes" with a pink circle enclosing the letters "dv" in-between the two words. (*Id.*, Ex. 4 to Mot. Enforce). Now, Defendants claim to have stripped the words "dirty vibes" from the website but continue to use the same pink circle enclosing the letters "dv."[3] (*See, e.g.*, www.dirty-vibes.com website

---

[2] Defendants ask the Court to defer a ruling on Plaintiff's Motion to enforce until after Defendants' appeal, or at least until after the Court decides Defendants' Motion for Reconsideration or Stay Pending Appeal. (Resp. Mot. Enforce 4:18–22). The Court denies Defendants' Motion for Reconsideration or Stay Pending Appeal below and declines to defer its ruling on the Motion to Enforce.

[3] The parties dispute the time stamps of various exhibits and when Defendants removed the words "Dirty Vibes" from their website and logo. (*See* Resp. Mot. Enforce 11:25–26). Because it appears that at present, Defendants no longer use the phrase "Dirty Vibes," the Court does not base its decision on previous iterations of Defendants' website. The Court nonetheless notes that the countdown clocks on Defendants' old advertisements including the "Dirty Vibes" trademark suggest that Defendants continued to use the "Dirty Vibes" trademark into October,

stripped of references to "dirty vibes" at 3, Ex. A to Resp. Mot. Enforce, ECF No. 87-5; www.dv-event.com website at 2, Ex. F to Resp. to Mot. Enforce).

The Court finds that removing the phrase "dirty vibes" while keeping the logo with the same font, style, color scheme, spacing, and shape likely confuses a consumer. Because the applicable consuming public likely associates "DV" with "Dirty Vibes," consumers will likely believe the new "DV" logo is associated with the "Dirty Vibes" trademark. *See Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1214 (9th Cir. 2012) (recognizing that "a court conducting a trademark analysis should focus its attention on the relevant consuming public").

The new website domain address only adds to the likely confusion. Although Defendants have changed their website domain address to www.dv-event.com, "a user who enters the www.dirty-vibes.com address is redirected to a website operated by Right Connection at www.dv-event.com." (Resp. Mot. Enforce 13:6–8). That is, a user who types in "dirty-vibes.com" will be taken to a website with a logo that looks very similar to the previously used logo containing the trademarked phrase; consumer confusion is likely because the relevant consuming public would know that "DV" stands for "Dirty Vibes." *See Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1146 (9th Cir. 2011) (noting that consumer confusion is likely when consumers are "unlikely to realize that they had mistakenly clicked on to [defendant's] site when they had intended to reach [plaintiff's]"). Moreover, the trademark "Dirty Vibes" still appears in the video on Defendants' new website,

---

2022. (*See* Defendants' website www.dirty-vibes.com as of October 4, 2022, at 4, Ex. 4 to Mot. Enforce, ECF No. 82-5) (indicating that there are 195 days until the Tryst Event on April 25, 2023, on advertisement containing "Dirty Vibes" trademark). Furthermore, Defendants appear to be disingenuous about the date of their own screenshots of the website. Defendants purport that the screenshots in Exhibit E to their Response represent how their website appeared as of September 28, 2022. (*See* www.dirty-vibes.com website as of September 28, 2022, Ex. E to Resp. Mot. Enforce, ECF No. 87-9). But subtracting the days left in the countdown clocks from the date of the events advertised, the Court finds that the screenshots appear to have been taken on November 4, 2022. (*See id.*) (indicating that there are 76 days left until the Groove Cruise on January 19, 2023, 99 days left until the DV Temptation Cruise Deck 6 Takeover on February 11, 2023, 172 days until the Tryst Event on April 25, 2023, and so on).

which flashes the old domain address, www.dirty-vibes.com. (Ex. 8 to Reply Mot. Enforce, ECF No. 90-2).[4]

The Injunction Order also mandated that "Defendants shall post a prominently displayed written notice on the homepage of 'dirty-vibes.com' website" informing consumers of the Court's Injunction Order. (*See* Order 18:4–11). Defendants posted the notice on www.dirty-vibes.com, albeit in small font and at the bottom of the website. (*See* www.dirty-vibes website as of September 28, 2022, Ex. E to Resp. Mot. Enforce). But after Right Connection took down the www.dirty-vibes.com domain address and rerouted web traffic to www.dv-event.com, Defendants did not place the required notice anywhere on the new, virtually identical website. (*See* www.dv-event.com website, Ex. F to Resp. Mot. Enforce).

Defendants argue that they "have complied with the Preliminary Injunction as they reasonably understand it." (Resp. Mot. Enforce 11:8–9). But the Court finds that Defendants have evaded compliance with the spirit of the Order. *See Morse-Starrett Prods. Co. v. Steccone*, 205 F.2d 244, 248 (9th Cir. 1953) (noting that trademark defendant must clearly notate the required disclaimer in a manner that is not likely to disappear before it reaches the usual consumer to "comply with the spirit of the original judgment"). The mandate to display a notice prominently on www.dirty-vibes.com cannot reasonably be interpreted to permit displaying it in small font at the bottom of the website, and it certainly does not permit Defendants to create a virtually identical website under a different domain name to evade compliance. Furthermore, although the Injunction Order enjoined Defendants from using the "Dirty Vibes" mark only, the Order cannot reasonably be interpreted to permit Defendants to

---

[4] Plaintiff also alleges that other entities and individuals are advertising Defendants' events using Plaintiff's trademark. (*See* Mot. Enforce 9:26–6). Although "[t]he nationwide scope of an injunction carries with it the concomitant power of the court to reach out to nonparties who knowingly violate its orders," *Reebok Intern. Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995) (quoting *Waffenschmidt v. MacKay*, 763 F.2d 711, 717 (5th Cir. 1985)), Plaintiff is seeking sanctions against Defendants only. Because the Court finds Defendants are violating the Injunction Order themselves, the Court does not address these nonparties.

strip the words from their logo while continuing to use the same design with the initials "DV." Thus, the Court concludes that Plaintiff has established civil contempt.[5]

### 2. Sanctions

Plaintiff asks for daily damages as monetary sanctions in the amount of $5,000.00 per day beginning September 26, 2022, as well as attorney's fees and costs. "Civil contempt sanctions . . . are employed for two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). "An award of attorney's fees for civil contempt is within the discretion of the district court." *Harcourt Brace Jovanovich Legal & Pro. Publications, Inc. v. Multistate Legal Stud., Inc.*, 26 F.3d 948, 953 (9th Cir. 1994).

Plaintiff's request for retroactive sanctions would "punish past defiance and [] vindicate the court's judicial authority," thereby amounting to a criminal sanction. *Whittaker*, 953 F.2d at 517. Criminal sanctions are not appropriate here. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 837 (1994) (noting that parties facing criminal contempt sanctions are entitled to an opportunity to conform their behavior to the law). Thus, the Court DENIES Plaintiff's request for daily sanctions beginning September 26, 2022. However, the Court will impose a $5,000.00 per day civil contempt sanction to coerce Defendants to conform with the Preliminary Injunction, with sanctions to begin accruing on December 9, 2022. Additionally, the Court GRANTS Plaintiff's request for attorney's fees to compensate Plaintiff for the expense of bringing this Motion to Enforce.

///

---

[5] In their Motion for Reconsideration or Stay Pending Appeal, Defendants ask the Court to Clarify the Preliminary Injunction. (Mot. Reconsideration or Stay 22:5–23:8). As discussed above, the manner in which Defendants are currently using the "DV" logo is confusingly similar to the "Dirty Vibes" trademark. Additionally, contrary to Defendants' assertion, taking down the www.dirty-vibes.com site does not "render the disclaimer unnecessary" if Defendants proceed to create a new, nearly identical website that redirects web traffic who enter the www.dirty-vibes.com domain address. (*See id.* 23:2–8).

## III. MOTION FOR RECONSIDERATION OR STAY PENDING APPEAL

### A. Legal Standard

Federal Rule of Civil Procedure 60(b) permits a court to set aside its order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud;

(4) the judgment is void;

(5) the judgment has been satisfied released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

The Ninth Circuit has limited the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; or (3) an intervening change in controlling law. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). In general, "a motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Rule 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c). Furthermore, before a movant is entitled to a stay under Rule 62(c) it must establish that

> (1) . . . the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) . . . the applicant will be irreparably injured absent a stay; (3) . . . issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

**B. Discussion**

The Court notes at the outset that Defendants do not allege that any newly discovered evidence exists or that there has been an intervening change in controlling law. Rather, Defendants argue that "the Court's conclusion that Plaintiff is the sole owner of the Dirty Vibes trademark is clear error . . . and the Preliminary Injunction consequently is manifestly unjust." (Mot. Reconsideration or Stay 17:10–12).

The Court carefully considered the issue of trademark ownership in its Order for Preliminary Injunction and concluded that Plaintiff demonstrated likely ownership of the Mark in question. (*See* Order 6:21–9:8). Though Defendants disagree with the Court's conclusion, Defendants do not identify any clear error to warrant reconsideration. Defendants simply re-assert the arguments they presented in their filings opposing the preliminary injunction. (*See* Resp. Mot. Prelim. Inj. 14:4–16:7, ECF No. 43). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005). Thus, Defendants have offered no valid reason for the Court to reconsider its Order granting in part and denying in part the Preliminary Injunction, (ECF No. 72). Similarly, Defendants do not meet the standard to establish that they are entitled to a stay of the injunction because they failed to make a strong showing that they are likely to succeed on the merits in their appeal. As discussed in the Injunction Order, Plaintiff met its burden of proof by showing that it owned the Mark in question. (*See* Order 6:21–9:8). Accordingly, Defendants' Motion for Reconsideration or Stay Pending Appeal, ECF No. 85, is DENIED.[6]

---

[6] In their Motion for Reconsideration or Stay Pending Appeal, Defendants additionally ask the Court to increase the security for the injunction to at least $325,000.00. (Mot. Reconsideration or Stay 21:11–22:4). "The district court is afforded wide discretion in setting the amount of the bond . . . ." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003). "So long as a district court does not set such a high bond that it serves to thwart citizen actions, it does not abuse its discretion." *Save Our Sonoran, Inc. v. Flowers*, 408

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion to Enforce the Injunction Order, (ECF No. 82), is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendants must comply with the Court's September 7, 2022, Order, ECF No. 72.

**IT IS FURTHER ORDERED** that Plaintiff's request for retroactive daily sanctions of $5,000.00 is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants shall pay Plaintiff $5,000.00 per day beginning December 9, 2022, until Defendants cure their contempt.

**IT IS FURTHER ORDERED** that Plaintiff's request for Attorney's Fees is **GRANTED**.  Defendants shall pay the total sum of $7,225.00 and is ordered to make the payment to Plaintiff by December 27, 2022.

**IT IS FURTHER ORDERED** that Defendants' Motion for Reconsideration or Stay Pending Appeal, (ECF No. 85), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiff's Reply, (ECF No. 92), is **DENIED**.

**DATED** this __5__ day of December, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court

---

F.3d 1113, 1126 (9th Cir. 2005) (citing *Friends of the Earth, Inc. v. Brinegar*, 518 F.2d 322, 323 (9th Cir. 1975)).  The Court declines to revisit its decision on setting the amount of bond in this case.