1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

Desirous Parties Unlimited Incorporated,

Plaintiff,

v.

Right Connection Incorporated, *et al.*,

Defendants.

Case No. 2:21-cv-01838-GMN-BNW

**Order re ECF No. 60**

Presently before the Court is Plaintiff Desirous Parties Unlimited Incorporated's Motion for Issuance of a Request for Judicial Assistance. ECF No. 60. Plaintiff asks this Court to issue a letter of request for discovery from Mexican non-party Promotora Hotelera Original, S.A. De C.V. ("Promotora"). Defendants opposed at ECF No. 64, and Plaintiff replied at ECF No. 68.

For the reasons discussed below, the Court, in its discretion, will grant Plaintiff's motion.

**I.      Background**

As relevant here, Plaintiff alleges that Defendants, who served as the booking agent for Plaintiff's adult-oriented entertainment events, "failed to properly account to Plaintiff the profits realized from the room bookings with Promotora, share those profits with Plaintiff in violation of their agreement, and failed to provide other crucial accounting information." ECF No. 60 at 5. Plaintiff now seeks discovery from non-party hotel Promotora, which is based in Mexico.

**II.     Legal Standard**

A letter rogatory, which is synonymous with a letter of request,[1] is "a formal request from a court in which an action is pending to a foreign court to perform some judicial act." *Viasat, Inc. v. Space Sys./Loral, LLC*, No. 13-CV-2074-H (WVG), 2014 WL 12577593, at *2 (S.D. Cal. June 30, 2014). A judicial act can include allowing the deposition of a witness residing within that

---

[1] In 1993, the term "letter of request" was substituted for the term "rogatory" because it is the primary method provided by the Hague Convention. *Evanston Ins. Co. v. OEA, Inc.*, 2006 WL 1652315, at *1 n.2 (E.D. Cal. 2006).

foreign court's jurisdiction as well as requests for the production of documents. *Crocs, Inc. v. La Modish Boutique*, No. CV 21-5641-SVW (KKX), 2021 WL 5933147, at *2 (C.D. Cal. Nov. 12, 2021) (citations omitted).

Courts have inherent authority to issue letters rogatory. *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958). "Whether to issue such a letter is a matter of discretion for the court." *Barnes & Noble, Inc. v. LSI Corp.,* No. C 11-02709 EMC LB, 2012 WL 1808849, at *1 (N.D. Cal. May 17, 2012). "When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained." *Id*. (citation omitted). "A court's decision whether to issue a letter rogatory, though, does require an application of [Federal] Rule [of Civil Procedure] 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure." *Id*.

Accordingly, discovery by letters rogatory "is consistent with the liberal discovery provisions of Rule 26." *Viasat, Inc. v. Space Systems/loral, Inc.*, No. 12-0260, 2013 WL 12061801, at *3 (S.D. Cal. Jan 14, 2013). Rule 26 allows parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence." *Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.,* No. SACV1900835JVSDFMX, 2020 WL 5900155, at *2 (C.D. Cal. Aug. 17, 2020).

**III.    Analysis**

Plaintiff seeks accounting information and documents "to determine damages in connection with its breach of contract claim." ECF No. 60 at 5; ECF No. 68 at 4. The Court finds the requested information is narrowly tailored to obtain relevant information that is necessary to calculate Plaintiff's alleged damages relating to its breach of contract claim.

Plaintiff initially argues that it has "no means of obtaining this evidence other than seeking it directly from Promotora by Letter of Request." ECF No. 60 at 5. But it also acknowledges that although it could obtain and, in fact, has requested this information from Defendants, Defendants

1  have failed to produce the responsive documents. *Id*. Plaintiff adds that even if Defendants provide

2  it with the requested documents, they may not provide authentic documents. *Id*. at 5, 7. It also

3  submits that "even assuming Defendants are truthful and forthcoming with documents and

4  information, Plaintiff must still verify the financial accounting information with Promotora." *Id*.

5  at 7.

6      Defendants oppose, arguing that (1) Plaintiff can obtain the requested information from

7  them;[2] (2) the requested documents originated and are maintained in Mexico; (3) the requested

8  information is overbroad, not sufficiently specific, and not relevant; and (4) the requested

9  information seeks confidential information that must be safeguarded prior to the letter's issuance.

10  ECF No. 64 at 2–3. Defendants further assert that, should the Court grant Plaintiff's motion, the

11  letter should be modified because it is "argumentative and inaccurate." *Id*. at 3.

12      In its reply, Plaintiff argues that Defendants failed to properly develop several arguments,

13  including those related to the comity analysis and Defendants' request to edit the letter rogatory.

14  ECF No. 68 at 5, 7. It also submits that the requested information is relevant, necessary to verify

15  any production that Defendants provide, not overbroad, and not confidential. *Id*. at 6–7.

### A. The five-factor comity analysis weighs in favor of issuing the requested letter rogatory.

18      The Court has considered the five-factor[3] comity analysis courts can consider in

19  determining whether to issue a letter rogatory and finds that, on balance, they favor issuing the

20  requested letter rogatory. *Viasat, Inc.,* 2013 WL 12061801, at *4; *Societe Nationale Industrielle*

21  *Aerospatiale v. U.S. District Court for Southern District of Iowa*, 482 U.S. 522, 544 n.28 (1987).

---

[2] Defendants concede that they have yet to provide Plaintiff with these requested documents, explaining that they will turn over the documents only once a protective order has issued. ECF No. 64 at 5. The Court notes that that it granted the parties' stipulated protective order in September 2022. ECF No. 74.

[3] The five factors are (1) the importance to the litigation of the of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located. *Societe Nationale Industrielle Aerospatiale v. U.S. District Court for Southern District of Iowa*, 482 U.S. 522, 544 n.28 (1987).

First, the Court finds that the requested information is material and necessary to this case because it is required to determine Plaintiff's alleged damages relating to its breach of contract claim. *See* Fed. R. Civ. P. 26(b)(1). It also finds the requested discovery proportional to the needs of this case. *Id.* Defendants argue that information regarding the April 2018 and April 2021 events are not relevant, but the Court disagrees. ECF No. 64 at 7. The Court understands that at issue (at least with respect to the breach of contract claim) is an alleged agreement between Plaintiff and Defendants whereby Plaintiff would organize adult-oriented events for which Defendants would serve as the booking agents. Whether one of these events took place before Plaintiff allegedly conceived of the "Dirty Vibes" trademark is irrelevant. Similarly, the Court understands that Plaintiff alleges that it helped organize the April 2021 event that took place after the parties formally ended their agreement. ECF No. 68 at 6–7. Although the parties' agreement was terminated at the time of the April 2021 event, Plaintiff's alleged efforts in organizing the event make the requested information relevant to this litigation.

Second, the Court finds that the requested documents are narrowly tailored and specific in nature. According to Defendants, Categories 3, 6, 9, 12, 15, 18, 21 and 24 are overbroad because of their use of "reservation information," which is defined as "room logs, charts, reports or ledgers for the guests that stayed at YOUR hotel for the corresponding event." ECF No. 64 at 6 (capitalization in original). But the Court disagrees. At issue in this case is whether Defendants failed to pay Plaintiff profits from room bookings related to Plaintiff-organized events. To determine this and any alleged damages, Plaintiff must obtain the reservation information regarding which guests stayed at the Mexican hotel for the specific events it organized. Thus, asking for guest information relating to where guests stayed, the duration of the stay, and how much they paid relating to a specific event is not overbroad.

Third, the Court finds that some of the information in the requested documents likely originated in the U.S. but that the majority likely originated and is maintained in Mexico.

Fourth, although the Court agrees that Plaintiff is able to obtain the requested information from the U.S.-based Defendants, it finds that Plaintiff has the right to verify whether Defendants'

information (once provided) is accurate because it cannot trust that Defendants' discovery is a "perfect replacement" for non-party Promotora's own documents. *Fisher & Paykel Healthcare Ltd.,* 2020 WL 5900155, at *2 (holding that a party should be permitted to test another party's "claims that the requested discovery [from non-parties] will be duplicative and/or cumulative"). The Court also takes care to note that Plaintiff can only authenticate Defendants' production by comparing it to the documents it is requesting from Promotora.

Finally, the Court is unaware of how the issuing or receiving nations' interests will be affected in a way that may weigh in favor or against issuance of the requested letter rogatory, and Defendants have not developed this argument.

In short, although the third factor may cut against granting Plaintiff's motion, the Court finds that, on balance, the five factors weigh in favor of issuing the requested letter rogatory.

**B.  Defendants have not shown good cause to deny the requested letter rogatory.**

The Court also finds that Defendants have not shown good cause to deny the requested letter rogatory. *See Parsons Xtreme Golf LLC v. Taylor Made Golf Co. Inc.*, No. CV-17-03125-PHX-JJT, 2018 WL 3954414, at *2 (D. Ariz. Aug. 17, 2018) ("Generally, a court should grant such a request absent a showing by the opposing party demonstrating good cause to deny the motion.") (citations omitted). As discussed above, the requested information is relevant and significant to Plaintiff's breach of contract and damages claims; is narrowly tailored; and, although it can be obtained from the U.S.-based Defendants, Plaintiff has the right to test the veracity and thoroughness of Defendants' production.[4]

Finally, although Defendants generally argue that the Court should not issue the requested letter rogatory because it would be "an extraordinary invasion of the privacy rights of Right Connection's customers and guests[,]" they do not cite to any legal authority for this proposition. ECF No. 64 at 8. Yet they appear to acknowledge that the parties' stipulation to a protective order would remedy this concern. *Id*. Although an undeveloped argument, even if Defendants' confidentiality concern has merit, the Court finds that the protective order that the parties entered

---

[4] It appears that Defendants had yet to turn over the requested information at the time that this motion became ripe for adjudication.

into in September 2022 (ECF No. 74) should mollify this concern. *See United States v. Aguilar*, 782 F.3d 1101, 1108 (9th Cir. 2015) (courts need not consider an undeveloped argument that is not supported by citations to authority). Finally, the Court will issue the letter rogatory as requested because Defendants only assert in conclusory fashion that it must be edited because it is "argumentative and inaccurate." ECF No. 64 at 9; *see Aguilar*, 782 F.3d at 1108.

**IV.    Conclusion and Order**

   **IT IS THEREFORE ORDERED** that Plaintiff Desirous Parties Unlimited Incorporated's Motion for Issuance of a Request for Judicial Assistance (ECF No. 60) is GRANTED.

   **IT IS FURTHER ORDERED** that the Clerk of Court shall file the executed Letter of Request as an attachment to this Order.


   DATED: January 18, 2023.


   BRENDA WEKSLER
   UNITED STATES MAGISTRATE JUDGE