# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DESIROUS PARTIES UNLIMITED
INCORPORATED,

               Plaintiff,

     vs.

RIGHT CONNECTION INCORPORATED,
*et al.*,

               Defendants.

Case No.: 2:21-cv-01838-GMN-BNW

**ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR
SUMMARY JUDGMENT**

Pending before the Court is the Motion for Summary Judgment, (ECF No. 123), filed by Defendants Right Connection Incorporated and Donald D. Hughes II.  Plaintiff Desirous Parties Unlimited, Inc., filed a Response, (ECF No. 124), to which Defendants filed a Reply, (ECF No. 130).  Also pending before the Court is Plaintiff's Motion to Seal, (ECF No. 125).

For the reasons set forth below, the Court **GRANTS in part and DENIES in part** the Motion for Summary Judgment and **DENIES** the Motion to Seal.[1]

///

///

---

[1] The public has a presumptive right to inspect and copy judicial records and documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  When a party requests to seal a document in connection with a motion for summary judgment, a court may seal a record only if it finds "compelling reasons" to support such treatment and articulates "the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016); *Kennedy v. Watts*, No. 3:17-cv-0468, 2019 WL 7194563, at *2 (D. Nev. Dec. 23, 2019) (applying compelling reasons standard to sealing request made in connection with motion for summary judgment).  Here, Plaintiff states that parts of its Response and exhibits "describe, characterize, quote, or otherwise illustrate documents or portions of the documents designated by Defendants as 'Confidential' or 'Confidential – For Counsel Only.'" (Mot. Seal 2:5–6, ECF No. 125).  Plaintiff further states that it takes no position as to the sealing of the documents. (*Id.* 2:7).  Defendants did not respond to the Motion to Seal or otherwise request that anything be filed under seal.  The Court declines to seal documents merely because they were at some point designated as confidential.

# I.  <u>BACKGROUND</u>

This action arises from Defendants' alleged infringement of Plaintiff's "Dirty Vibes" trademark and copyrighted material that Plaintiff uses to market its adult-oriented entertainment events. (*See* Compl., ECF No. 1).  Plaintiff and Defendants used to be business partners and hosted several events together between April 2018 and April 2021.  Eventually, the relationship soured, and Plaintiff alleged that Defendants infringed on their Dirty Vibes Trademark.

In addition to registering for the Dirty Vibes Trademark, Plaintiff also obtained copyrights for certain photographs and web content on April 6, 2021. (Copyright Registrations, Exs. 1–3 to Mot. Summ. J., ECF Nos. 123-4, 123-5, 123-6).  Defendant Right Connection had allegedly been copying Plaintiff's copyrighted content on its own website under the domain www.dirty-vibes.com. (Enforcement Order 3:7–10, ECF No. 94).  Right Connection took its website down on October 18, 2022, but created a new website under the domain address www.dv-event.com using the same content Plaintiff alleges is copyrighted. (*Id.*).  In the wake of the fall-out between Plaintiff and Defendants, several of Plaintiff's business partners stopped working with Plaintiff. (*See, e.g.*, Matlock Decl. ¶ 4, ECF No. 124-2).  Plaintiff sued Defendants for trademark and copyright infringement, breach of contract, unfair competition, intentional interference with prospective economic advantage, and declaratory and injunctive relief. (*See generally* Compl., ECF No. 1).  The Court entered a preliminary injunction enjoining Defendants from using the Trademark, and the Ninth Circuit affirmed. (Mem. Dec., ECF No. 129).  Defendants now move for summary judgment on the claims for copyright infringement, breach of contract, intentional interference with prospective economic advantage, and declaratory and injunctive relief.

# II.  <u>LEGAL STANDARD</u>

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*  "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citation and quotation marks omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be

denied, and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

///

# III.    DISCUSSION

Defendants move for summary judgment on Plaintiff's claims for copyright infringement, breach of contract, intentional interference with prospective economic advantage, and declaratory and injunctive relief.  Additionally, Defendants move for summary judgment as to Mr. Hughes' personal liability.

## A. Count III: Copyright Infringement

Plaintiff alleges that Defendants improperly copied, used, published, reproduced, and distributed Plaintiff's Registered Copyrights, including photographs from the 2018 and 2019 Music Fests and content on Plaintiff's website. (Compl. ¶¶ 45–52).  "In order to prevail on a claim for direct copyright infringement, a plaintiff must establish two elements: (1) the plaintiff's ownership of a valid copyright; and (2) the defendant's copying of constituent elements of a work that are original. *Teller v. Dogge*, 8 F. Supp. 3d 1228, 1233 (D. Nev. 2014) (citing *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).  A plaintiff does not need to prove actual damages in every case because "the Copyright Act gives owners the option of pursuing statutory damages for copyright infringement." *Id.* at 1236.  Defendants argue that the Court should grant summary judgment on Plaintiff's copyright infringement claim because (1) Plaintiff cannot prove the requisite originality, (2) Plaintiff cannot prove actual damages or Defendants' profits from the alleged copyright infringement, or, alternatively, Plaintiff is not entitled to statutory damages or attorneys' fees.

### 1.  Originality

Under the Copyright Act, a registered copyright registration "made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright." 17 U.S.C. § 410(c).  "[T]hat presumption may be rebutted by a showing on the part of the defendant that the plaintiff's work is not original. *N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992).  If the defendant successfully rebuts the

presumption, the burden then shifts back to the plaintiff to prove originality. *Entm't Research Grp. v. Genesis Creative Grp*., 122 F.3d 1211, 1218 (9th Cir. 1997).

Here, Plaintiff received copyright registration certificates for the alleged photographs and content. (Copyright Registrations, Exs. 1–3 to Mot. Summ. J.).  Defendant must now rebut the presumption of validity of the copyrights.  Defendants contend that the photographs in question are "unoriginal photographs that merely depict attendees at Dirty Vibes events" and the website content "merely recites factual information about the Dirty Vibes events." (Mot. Summ. J. 13:8–11, ECF No. 123).  Defendants provide no legal citation to support their conclusion, nor do they explain how the photographs and content are unoriginal with citations to the record. (*See id.* 12:23–14:6).  That is, Defendants attempt to rebut the presumption of validity with nothing but their own legally and factually unsupported and undeveloped conclusion that the photographs and content are unoriginal.  The Court finds that Defendants have not successfully rebutted the presumption of validity in their Motion for Summary Judgment.

## 2.  Plaintiff's Damages/Defendants' Profits

Defendants next argue that Plaintiff cannot prove actual damages or Defendants' profits from the alleged copyright infringement. (Mot. Summ. J. 14:7–16).  Defendants, however, merely offer general legal principles about Plaintiff's burden without explaining Plaintiff's lack of evidence or providing any citations to the record. (*Id.*).  A "conclusory assertion that the nonmoving party has no evidence is insufficient." *Celotex*, 477 U.S. at 332 (Brennan, J., dissenting); *see also In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (noting that "Justice Brennan's dissent does not differ with the opinion of the Court regarding the appropriate standards for summary judgment); *Rundgren v. Washington Mut. Bank, F.A.*, No. 09-00495 JMS/KSC, 2011 WL 13070777, at *3 (D. Haw. Aug. 23, 2011) ("[Defendant] cannot carry its initial burden on summary judgment through mere *argument* that Plaintiffs cannot come

forward with evidence to support their claims.) (emphasis in original).  Accordingly, the Court finds that Defendants have not met their initial burden on summary judgment on this issue.

### 3.  Statutory Damages or Attorney's Fees

Lastly, Defendants argue that Plaintiff is not entitled to an award of statutory damages or attorney's fees because the infringement commenced before the effective date of the copyright registration. (Mot. Summ. J. 14:17–15:11).  Defendants contend that any copyright infringement commenced, if at all, before the registration date of April 6, 2021, because Plaintiff alleges that Right Connection copied Plaintiff's content for use on the www.dirty-vibes.com website beginning in December 2020.  Defendants are correct that "no award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright in an unpublished work commenced before the effective date of its registration." 17 U.S.C. § 412.  Therefore, Defendants are entitled to summary judgment on the issue of statutory damages or attorney's fees for any claim that their infringement commenced before April 6, 2021.  But this Court has already noted that Right Connection stopped using the www.dirty-vibes.com domain address and ultimately took it down effective October 18, 2022; Right Connection then created a new website under the domain address www.dv-event.com, using the same content Plaintiff alleges is copyrighted. (Enforcement Order 3:7–10).  The Court finds that a dispute of material fact exists regarding whether Defendants commenced a new use of Plaintiff's copyrighted materials after the effective date of Plaintiff's copyright registrations. The Court therefore DENIES summary judgment on the copyright infringement claim.

### B.  Count V: Breach of Contract

Plaintiff's breach of contract claim relates to several distinct events in April 2018, August 2018, April 2019, August 2019, February 2020, October 2020, and April 2021. (Compl. ¶¶ 25–26, 61).  Defendant does not seek summary judgment on the contract claim regarding the events in October 2020 or April 2021. (Reply 8:11–12).

Plaintiff alleges that Defendants breached their contractual obligations by failing to properly account for and pay Plaintiff's share of proceeds from the events in question. (Compl. ¶ 61). "A claim for breach of contract requires the plaintiff to demonstrate the following elements: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages as a result of the breach." *See Cohen-Breen v. Gray Television Grp., Inc.*, 661 F. Supp. 2d 1158, 1171 (D. Nev. 2009); *see also Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000). Defendants assert that Plaintiff does not have any evidence of damages to support its breach of contract claim relating to the April 2018, August 2018, April 2019, August 2019, and February 2020 events. (Mot. Summ. J. 16:21–22). Indeed, David Matlock, Plaintiff's principal, owner, and sole shareholder, was unable to identify a specific amount that Plaintiff was supposedly underpaid. (*See* Pl.'s Resp. and Supp. Resp. to Interrogatory No. 27, Exs. 6, 7 to Mot. Summ. J., ECF Nos. 123-9, 123-10).

Plaintiff attempts to generate a dispute of material fact by pointing to testimony suggesting that Defendants did not properly maintain the accounting record. (*See* Resp. 14:22–26, ECF No. 124). For example, Plaintiff cites the deposition transcript of James Terhune, the President of Right Connection. In his deposition, Mr. Terhune was unable to answer questions about exact amounts. (*See, e.g.*, Terhune Dep. 232:18–234:11, Ex. 2 to Resp., ECF No. 124-4). The Court finds that Mr. Terhune's uncertainty does not create a material dispute of fact regarding whether Plaintiff incurred damages in an unspecified amount.

Plaintiff further attempts to raise a dispute of material fact regarding whether it was underpaid for the April 2018 event. Plaintiff asserts that the parties agreed to split the profits 50/50. (Resp. 7:11–19) (citing Hughes Dep. 314:3–20, Ex. 3 to Resp., ECF No. 124-5). But Plaintiff's own principal, Mr. Matlock, testified that the April 2018 event was not subject to the 50/50 agreement. (Reply 8:22–9:5) (citing Matlock Dep. 123:14–125:8, Ex. 5 to Mot. Summ. J., ECF No. 123-8). Accordingly, the Court finds that Plaintiff has not met its burden on

1    rebuttal of demonstrating the existence of a genuine dispute of material fact.  The Court

2    therefore GRANTS summary judgment for Defendants on the breach of contract claim as it

3    relates to the April 2018, August 2018, April 2019, August 2019, and February 2020 events.[2]

4         **C.  Count VI: Intentional Interference with Prospective Economic Advantage**

5         "Liability for the tort of intentional interference with prospective economic advantage

6    requires proof of the following elements: (1) a prospective contractual relationship between the

7    plaintiff and a third party; (2) knowledge by the defendant of the prospective relationship;

8    (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or

9    justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's

10   conduct." *Hakkasan LV, LLC v. Adamczyk*, No. 2:14-cv-01717-GMN, 2015 WL 4997306, at *8

11   (D. Nev. Aug. 19, 2015) (quoting *Wichinsky v. Mosa*, 847 P.2d 727, 729–30 (Nev. 1993)).

12        Plaintiff alleges that "Defendants have asked hotel owners, DJs, and other vendors to

13   violate their agreements with Plaintiff for Plaintiff's events and instead work with Defendants."

14   (Compl. ¶ 68).  Defendants argue that Plaintiff has no factual support for these allegations.

15   Defendants point to Mr. Matlock's deposition, in which Mr. Matlock could not affirmatively

16   testify that Mr. Hughes or anyone else from Right Connection contacted Plaintiff's business

17   partners and told them to stop working with Plaintiff. (*See* Mot. Summ. J. 18:2–7 (citing

18   Matlock Dep. 137:25–145:6, Ex. 5 to Mot. Summ. J.)).  In doing so, Defendants meet their

19   initial burden by demonstrating that Plaintiff failed to make a showing sufficient to establish an

20   essential element of its claim for intentional interference with prospective economic advantage.

21   Accordingly, the burden now shifts to Plaintiff to demonstrate the existence of a material

22   dispute of fact.

23

24

25

---

[2] To the extent Plaintiff argues that Defendants failed to produce essential information, the Court notes that discovery has closed in this case.

Plaintiff presents other testimony from Mr. Matlock indicating that Defendants did approach Plaintiff's business partners and told them to stop working with Plaintiff. Specifically, Mr. Matlock testified in his sworn declaration that Mr. Hughes approached Original Group to discuss Plaintiff and Defendants' disputes and as a result, Original Group did not believe Plaintiff was the rightful owner of the Dirty Vibes brand and trademark and informed Mr. Matlock that Original Group will not continue to do business with Plaintiff. (Matlock Decl. ¶ 4, ECF No. 124-2). Additionally, Plaintiff presents evidence that various business partners did not believe that Plaintiff owned the Dirty Vibe trademark and decided to stop doing business with Plaintiff only after conversing with Defendants. (*See* Resp. 22:27–23:20).

The Court notes that Plaintiff does not present any direct evidence that Defendants interfered with Plaintiff's business relationships. But it is not the Court's role at summary judgment to weigh the evidence and determine the truth. *See Anderson*, 477 U.S. at 249. Accordingly, the Court finds that Plaintiff has presented enough evidence to create a dispute of material fact and survive summary judgment and DENIES Defendants' Motion as to this claim.

### D. Counts VII and VIII: Declaratory Relief and Injunctive Relief

Defendants argue that declaratory relief and injunctive relief are not independent, stand-alone causes of action, and therefore, Defendants are entitled to summary judgment as a matter of law on these claims. (Mot. Summ. J. 18:15–19:2). Defendants are correct that generally, declaratory relief and injunctive relief are remedies, not independent causes of action. *See Quest Diagnostics Inc. v. Elarja*, No. 2:22-cv-00647-GMN-EJY, 2023 WL 172685, at *2 (D. Nev. Jan. 11, 2023). Plaintiff nonetheless argues that a claim for declaratory relief is appropriate when the claim is otherwise within the subject matter jurisdiction of the federal courts and an actual controversy exists. (Resp. 27:23–24) (citing Declaratory Judgment Act, 28 U.S.C. § 2201).

The Declaratory Judgment Act "does not create new substantive rights, but merely expands the remedies available in federal courts." *Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014).  But "[t]hat is not to say that a claim for declaratory relief may never stand on its own." *V5 Techs., LLC v. Switch, Ltd.*, No. 2:17-cv-2349, 2019 WL 13157438, at *1 (D. Nev. Sept. 25, 2019).  "To survive on its own, a claim for declaratory relief must be justiciable, and the Court must have jurisdiction." *Id.*  But a claim for declaratory relief may be "unnecessary where an adequate remedy exists under some other cause of action." *Reyes v. Nationstar Mortg. LLC*, No. 15-cv-01109, 2015 WL 4554377, at *7 (N.D. Cal. July 28, 2015).

"The Court may dismiss a stand-alone declaratory relief claim if it is redundant or will be resolved by the parties' substantive claims . . . because the Declaratory Judgments Acts only provides a 'new form of relief where needed,' but does not 'furnish a litigant with a second cause of action for the determination of identical issues.'" *V5 Techs.*, 2019 WL 13157438, at *2 (quoting *Cal. Ins. Guar. Ass'n v. Superior Court*, 231 Cal. App. 3d 1617, 1624 (Cal. Ct. App. 1991)).  Here, Plaintiff's substantive claims for copyright and trademark infringement "will require the Court to render the identical decision that the declaratory relief claim requests." *See id.*  Similarly, any injunctive relief requested is merely a remedy for the infringement claims. Accordingly, the Court agrees that Counts VII and VIII fail as a matter of law because they do not assert independent causes of action, but the Court reserves the ability to impose injunctive and declaratory relief as appropriate. *See Quest Diagnostics*, 2023 WL 172685, at *2.  The Court therefore GRANTS summary judgment for Defendants as to Plaintiff's claims for declaratory judgment and injunctive relief.

### E.  Mr. Hughes's Personal Liability

Defendants argue that Mr. Hughes is entitled to summary judgment on Plaintiff's copyright infringement and breach of contract claims. (Mot. Summ. J. 19:3–26).  Regarding the

copyright infringement claim, Defendants argue that Plaintiff can produce no admissible evidence that Mr. Hughes personally engaged in any acts of copyright infringement sufficient to hold Mr. Hughes personally liable. (*Id.* 19:9–11). As discussed above, a "conclusory assertion that the nonmoving party has no evidence is insufficient." *Celotex*, 477 U.S. at 332 (Brennan, J., dissenting); *see also In re Bressman*, 327 F.3d at 238 (noting that "Justice Brennan's dissent does not differ with the opinion of the Court regarding the appropriate standards for summary judgment); *Rundgren*, 2011 WL 13070777, at *3 ("[Defendant] cannot carry its initial burden on summary judgment through mere *argument* that Plaintiffs cannot come forward with evidence to support their claims.). Accordingly, the Court finds that Defendants have not met their initial burden on summary judgment on Mr. Hughes' liability for copyright infringement.

Although the Court grants summary judgment on the breach of contract claims as it relates to the April 2018, August 2018, April 2019, August 2019, and February 2020 events, the issue of Mr. Hughes' liability is not moot because Defendants did not move for summary judgment on the breach of contract claim relating to the October 2020 and April 2021 events. Defendants argue that Mr. Hughes is entitled to summary judgment on the breach of contract claim because Mr. Hughes was not a party to the contract between Right Connection and Plaintiff. (Mot. Summ. J. 19:11–16). Nonetheless, Plaintiff argues that Mr. Hughes is the alter ego of Right Connection. (Resp. 30:5). The Court finds that a genuine dispute of material fact remains regarding Mr. Hughes' liability for the parts of the breach of contract claim that have survived summary judgment.

///

///

///

///

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, (ECF No. 123), is **GRANTED in part and DENIED in part.**  The Court GRANTS summary judgment for Defendants on Count V Breach of Contract as it relates to payment for the April 2018, August 2018, April 2019, August 2019, and February 2020 events, Count VII Declaratory Relief, and Count VIII Injunctive Relief.  All other claims may proceed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal, (ECF No. 125), is **DENIED.**

**IT IS FURTHER ORDERED** that the parties will have thirty days from the date of this Order to file a jointly proposed pretrial order pursuant to LR 16-3(b) using the form provided in LR 16-4.

**DATED** this __6__ day of March, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court