Gregory P. Goonan
*Admitted Pro Hac Vice*
**THE AFFINITY LAW GROUP®**
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
Telephone: (858) 412-4296
Email: ggoonan@affinity-law.com

Eric R. Olsen, Esq.
Nevada Bar # 3127
**GARMAN TURNER GORDON**
7251 Amigo Street, Suite 210
Las Vegas, NV 89119
Telephone: (725) 777-3000
Email: eolson@gtg.legal

Attorneys for Defendants
Right Connection, Inc. and Donald D. Hughes II

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DESIROUS PARTIES UNLIMITED INCORPORATED,<br><br>               Plaintiff,<br><br>vs.<br><br>RIGHT CONNECTION, INC., et al,<br><br>               Defendants. | CASE NO. 2:21-cv-01838-GMN-BNW<br><br>**MOTION IN LIMINE BY DEFENDANTS RIGHT CONNECTION, INC. AND DONALD D. HUGHES II TO EXCLUDE EVIDENCE OF AND REFERENCE TO PRELIMINARY INJUNCTION, APPEAL PROCEEDINGS, AND INJUNCTION ENFORCEMENT PROCEEDINGS**<br><br>**[DEFENDANTS' MOTION IN LIMINE NO. 1 OF 9]**<br><br>**HEARING REQUESTED** |

## MOTION

Defendants Right Connection, Inc. ("Right Connection") and Donald D. Hughes II (collectively "Defendants") file this motion in limine to exclude evidence of, reference to or any mention of the following: (1) the preliminary injunction entered by the Court on September 7, 2022 (ECF 72); (2) the two proceedings brought by Plaintiff claiming Defendants had violated the preliminary injunction and orders entered by the Court in connection with such proceedings (ECF 82, 94, 100 & 113); and (3) the appeal proceedings and appeal results in this case.

This motion is made pursuant to Rule 401 and Rule 402 of the Federal Rules of Evidence on the ground that such evidence is not relevant to any issue to be decided at the trial in this case. This motion also is made pursuant to Rule 403 of the Federal Rules of Evidence on the ground that any probative value of any of these proceedings is substantially and far outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.

/ / /

/ / /

/ / /

/ / /

/ / /

**MOTION IN LIMINE BY DEFENDANTS RIGHT CONNECTION, INC. AND DONALD D. HUGHES II TO EXCLUDE EVIDENCE OF AND REFERENCE TO PRELIMINARY INJUNCTION, APPEAL PROCEEDINGS, AND INJUNCTION ENFORCEMENT PROCEEDINGS [DEFENDANTS' MOTION IN LIMINE NO. 1 OF 9]**

1

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

1    This motion is based on this notice of motion and accompanying memorandum of points and

2    authorities, the files and records in this matter, and all other matters that the Court may properly

3    consider in connection with this motion.

4

5

6    DATED: August 22, 2025               THE AFFINITY LAW GROUP

7

8    By:  /s/ Gregory P. Goonan
       Gregory P. Goonan, Esq. (*admitted pro hac vice*)
9      5230 Carroll Canyon Road, Suite 230
       San Diego, CA 92121
10     Telephone: (858) 412-4296

11

12    GARMAN TURNER GORDON LLP

13    By:   /s/ Eric R. Olsen
       Eric R. Olsen, Esq. (Nevada Bar # 3127)
14     7251 Amigo Street, Suite 210
       Las Vegas, NV  89119
15     Telephone: (725) 777-3000

16     *Attorneys for Defendants*
       *Right Connection, Inc. and*
       *Donald D. Hughes II*

17

18

19

20

21

22

23

24

25

26

27

28

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA  92121
(858) 412-4296

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

## MEMORANDUM OF POINTS AND AUTHORITIES

A.    EVIDENCE SUBJECT TO THIS MOTION IN LIMINE

This motion in limine seeks to exclude any evidence of, reference to or mention of the following: (1) the preliminary injunction entered by the Court on September 7, 2022 (ECF 72); (2) the two proceedings brought by Plaintiff claiming Defendants had violated the preliminary injunction and other orders by the Court (ECF 82, 94, 100 & 113); and (3) the two appeal proceedings and appeal results concerning the preliminary injunction and enforcement motion.  Such materials sought to be excluded by this motion in limine will sometimes collectively be referred to as the "Subject Evidence."

B.    GROUNDS FOR EXCLUSION Of SUBJECT EVIDENCE

The Subject Evidence should be excluded pursuant to Rule 401 and Rule 402 of the Federal Rules of Evidence because the Subject Evidence is not relevant to any issue to be decided at trial. The Subject Evidence also should be excluded pursuant to Rule 403 of the Federal Rules of Evidence because any probative value of any of Subject Evidence is substantially and far outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.

C.    DISCUSSION

1.    Background

As reflected in the docket in this case, Plaintiff filed a motion for preliminary injunction in this case on January 21, 2022.  [ECF 42.]  Defendants filed their opposition papers on February 4, 2022 (ECF 43-44) and Plaintiff filed its reply papers on February 11, 2022 (ECF 46).  The Court decided Plaintiff's motion on the papers without an oral hearing, granted Plaintiff's motion, and entered a preliminary injunction (the "Preliminary Injunction") on September 7, 2022 (ECF 72).

Thereafter, Plaintiff filed an emergency motion to enforce the Preliminary Injunction on October 24, 2022.  [ECF 82.]  Following briefing (ECF 82, 87 & 90), the Court granted in part and denied in part Plaintiff's motion and entered a corresponding order on December 5, 2022.  [ECF 94.]

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

Defendants appealed both the Preliminary Injunction and the Court's order on Plaintiff's October 2022 motion.  By unpublished order entered June 30, 2023 without oral hearing , the Ninth Circuit affirmed the Preliminary Injunction and affirmed the Court's order on Plaintiff's October 2022 motion.  [ECF 129.]

On February 10, 2023, Plaintiff filed a motion styled as an "Emergency Motion to Dismiss" based on Plaintiff's allegations that Defendants violated the Preliminary Injunction and the October 2022 order.  [ECF 100-101.]  After the parties briefed the motion (ECF 100, 105-107 & 108) and an oral hearing was held on March 8, 2023 (ECF 110), the Court entered an order on April 17, 2023 granting in part and denying in part Plaintiff's February 2023 motion.  [ECF 113.]

In the Amended Joint Pretrial Order (ECF 142) ("PTO"), Plaintiff has identified the following documents as exhibits they intend to introduce at trial:

- Declaration of David Matlock In Support of Preliminary Injunction Order (PTO 12:21-22);
- Declaration of David Matlock In Support of October 2022 Motion (PTO 12:23-24);
- Declaration of David Matlock In Support of February 2023  Motion (PTO 12:25-26);
- Preliminary Injunction (PTO 17:16);
- Motion for Stay and Reconsideration (PTO 17:22-23);
- Order Re October 2022 Motion (PTO 19:3-5);
- Order Re February 2023 Motion (PTO 19:22);
- Appellants' Appeal 1 Opening Brief (PTO 21:6-7);
- Appellants' Appeal 1 Reply Brief (PTO 21:8-9);
- 9th Circuit Order Re Appeal 1 (PTO 21:10-11);
- Appellants' Appeal 2 Opening Brief (PTO 21:12-13);
- Appellants' Appeal 2 Reply Brief (PTO 21:14-15; and
- 9th Circuit Order Re Appeal 2 (PTO 21:17-18)

1    All of the foregoing materials are included in the Subject Evidence addressed by this

2    motion.[1]

3    That Plaintiff identified the foregoing documents as exhibits demonstrates that Plaintiff

4    intends to try to introduce at trial evidence regarding the Preliminary Injunction, the two

5    enforcement proceedings, and the appeal proceedings.  All of these materials, and all evidence of,

6    reference to, or mention of, the Preliminary Injunction, the two enforcement proceedings, and the

7    appeal proceedings, are completely irrelevant and highly prejudicial and must be excluded pursuant

8    to Rule 401, 402 and 403 of the Federal Rules of Evidence.

9    2.    The Subject Evidence Is Not Relevant And Must be Excluded Pursuant To

10    Rule 401 and Rule 402 Of The Federal Rules Of Evidence

11    Any reference to the Preliminary Injunction, the related enforcement proceedings, and the

12    related appeals, cannot be heard by the jury because it is irrelevant and highly prejudicial to the

13    Defendants.  "The purpose of a preliminary injunction is merely to preserve the relative positions of

14    the parties until a trial on the merits can be held.

15    "Given this limited purpose, and given the haste that is often necessary if those positions are

16    to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are

17    less formal and underline(evidence that is less complete than in a trial on the merits) . . . underline(and the findings of fact

18    and conclusions of law made by a court granting a preliminary injunction are not binding at trial on

19    the merits)."  [_Univ. of Texas v. Camenisch_, 451 U.S. 390, 395 (1981) (emphasis added); _see also_

20    _Sierra Club v. Hickel_, 433 F.2d 24, 34–35 (9th Cir. 1970) (recognizing "that in appraising

21    [preliminary injunction issues], our function is not to make an original judgment or to make a final

22    decision on the merits"). "Based, as they usually are, on underline(incomplete evidence) and a relatively hurried

23    _____

24    [1]  Plaintiff also has identified as exhibits numerous documents filed with the Court as purported
evidence in connection with the October 2020 motion and the February 2023 motion.  [See e.g.
25    PTO 17:17 – 20:11.]  Defendants do not believe that any of these materials are relevant.  They
therefore are not admissible under FRE 402 and also are barred under FRE 403.  Rather than deal
26    with each specific document in this motion, Defendants will address each particular document by
appropriate objections.

27

28    **MOTION IN LIMINE BY DEFENDANTS RIGHT CONNECTION, INC. AND DONALD D. HUGHES II TO
EXCLUDE EVIDENCE OF AND REFERENCE TO PRELIMINARY INJUNCTION, APPEAL
PROCEEDINGS, AND INJUNCTION ENFORCEMENT PROCEEDINGS
[DEFENDANTS' MOTION IN LIMINE NO. 1 OF 9]**

5

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA  92121
(858) 412-4296

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

1   consideration of the issues, these provisional decisions <u>should not be used outside the context in</u>

2   <u>which they were originally rendered.</u>"  [11A Charles A. Wright & Arthur R. Miller, <u>Federal</u>

3   <u>Practice and Procedure</u> § 2950 (3d ed. 2020) (emphasis added).]

4        Under Rule 402 of the Federal Rules of Evidence, evidence that is not relevant is not

5   admissible.  Pursuant to Rule 401 of the Federal Rules of Evidence, evidence is relevant only if: (a)

6   it has any tendency to make a fact more or less probable than it would be without the evidence; and

7   (b) the fact is of consequence in determining the action.

8        That the Court entered the Preliminary Injunction at an early stage in this litigation—based

9   on a limited record, without oral argument or testimony, and before any discovery had been taken —

10  has no relevance to the jury's determination of issues central to this case because it does not have

11  any tendency to make a fact to be decided by the jury more or less probable than it would be without

12  the evidence.  Likewise, the two enforcement proceedings and the appeals regarding the Preliminary

13  Injunction are not relevant to any issue to be decided by the jury.

14       Simply put, none of the Subject Evidence is relevant under Rule 401.  Accordingly, the

15  Subject Evidence must be excluded under Rule 402.  [<u>See</u>, <u>e.g.</u>, <u>WWP, Inc. v. Wounded Warriors</u>

16  <u>Fam. Support, Inc.</u>, 628 F.3d 1032, 1041 (8th Cir. 2011) (district court should preclude mention of

17  preliminary injunction at trial).]  As the court explained in <u>Marlite, Inc. v. Eckenrod</u>, 2010 WL

18  11505461, at *5 (S.D. Fla. June 18, 2010):

19            It is well understood that findings made at a preliminary injunction hearing are

20            not binding at a trial on the merits, as the preliminary hearing does not take into

21            account the full realm of the case that unfolds during discovery.  See <u>Univ. of Tex.</u>

22            <u>v. Camenisch</u>, 451 U.S. 390, 395 (1981).  Courts have granted motions *in limine*

23            to exclude the admission of preliminary injunction decisions, or any reference to

24            such proceedings, due to the risk of undue influence on the jury . . . <u>A court's</u>

25            <u>injunction order cannot unduly interfere with the jury's role as ultimate factfinder</u>

26

27  **MOTION IN LIMINE BY DEFENDANTS RIGHT CONNECTION, INC. AND DONALD D. HUGHES II TO**

28  **EXCLUDE EVIDENCE OF AND REFERENCE TO PRELIMINARY INJUNCTION, APPEAL PROCEEDINGS, AND INJUNCTION ENFORCEMENT PROCEEDINGS**
**[DEFENDANTS' MOTION IN LIMINE NO. 1 OF 9]**

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

1    (emphasis added).

2    *See* *also* *Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 324 (S.D.N.Y. 2009)

3    (accord).

4

5        3.    The Subject Evidence Must be Excluded Pursuant to Rule 403 Of the Federal

6            Rules Of Evidence Because Any Probative Value Is Far Outweighed By The

7            Unfair Prejudice To Defendants, Confusion Of The Issues, And Risk Of

8            Misleading The Jury

9        The Subject Evidence also must be excluded under Rule 403 of the Federal Rules of

10    Evidence because any probative value of the Subject Evidence is substantially outweighed by a

11    danger of unfair prejudice, confusing the issues, or misleading the jury. Numerous courts agree.

12    [*See*, *e.g.*, *Reyes v. Transamerica Life Ins. Co.*, 2016 WL 9137532, at *2 (C.D. Cal. June 28, 2016)

13    (agreeing with Defendant that "permitting Plaintiffs to point to this Court's prior . . . preliminary

14    injunction would unfairly prejudice [Defendant], confuse the issues, and mislead the jury); *King*

15    *Lombardi Acquisitions, Inc. v. Troop Real Estate, Inc.*, 2011 WL 13213918, at *1 (C.D. Cal. Jan. 10,

16    2011) ("[W]hatever probative value evidence of the stipulated preliminary injunction may have, it is

17    far outweighed by the potential for unfair prejudice and confusion.").

18        And such prejudice or confusion cannot be curtailed by a limiting jury instruction. [*Newmark*

19    *Realty Capital, Inc. v. BGC Partners, Inc.*, 2018 WL 6439133, at *6 (N.D. Cal. Dec. 7, 2018) ("The

20    Court concludes that the jury is likely to determine that the judge has already decided the factual

21    issues and thus the jury need not re-weigh the evidence. Given the complexity of the issues and the

22    unavoidable deference a jury is likely to give the judge's written order, the Court concludes that a

23    limiting instruction would not sufficiently reduce the prejudicial effect of the evidence." (emphasis

24    added)).]

25        Therefore, if the preliminary injunction were to be referenced in the presence of the jury, it is

26

27

28

**MOTION IN LIMINE BY DEFENDANTS RIGHT CONNECTION, INC. AND DONALD D. HUGHES II TO
EXCLUDE EVIDENCE OF AND REFERENCE TO PRELIMINARY INJUNCTION, APPEAL
PROCEEDINGS, AND INJUNCTION ENFORCEMENT PROCEEDINGS
[DEFENDANTS' MOTION IN LIMINE NO. 1 OF 9]**

likely that the jury would defer to the Court's findings in the prior proceedings and fail to fully consider the evidence put forth by Defendants at trial regarding ownership of the Software and the source code's status (or rather lack thereof) as a trade secret. [*U.S. v. Sine*, 493 F.3d 1021, 1033 (9th Cir. 2007) (holding that the admission of the judge's order granting a preliminary injunction was error because "jurors are likely to defer to findings . . . made by an authoritative, professional factfinder rather than determine those issues for themselves.").

Rule 403 of the Federal Rules of Evidence provides "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Any reference or mention of the Subject Evidence satisfies all these criteria.  Accordingly, the Subject Evidence also must be excluded pursuant to Rule 403.

DATED: August 22, 2025                    THE AFFINITY LAW GROUP


                                          By:  */s/ Gregory P. Goonan*
                                          Gregory P. Goonan, Esq. (*admitted pro hac vice*)
                                          5230 Carroll Canyon Road, Suite 230
                                          San Diego, CA 92121
                                          Telephone: (858) 412-4296


                                          GARMAN TURNER GORDON LLP

                                          By:  */s/ Eric R. Olsen*
                                          Eric R. Olsen, Esq. (Nevada Bar # 3127)
                                          7251 Amigo Street, Suite 210
                                          Las Vegas, NV  89119
                                          Telephone: (725) 777-3000

                                          *Attorneys for Defendants*
                                          *Right Connection, Inc. and*
                                          *Donald D. Hughes II*

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

CERTIFICATION UNDER LR 16-3

In accordance with the requirements of LR 16-3, the undersigned certifies that the parties have participated in the meet-and-confer process and have been unable to resolve the matter without court action.


DATED: August 22, 2025                    THE AFFINITY LAW GROUP


By:  _/s/ Gregory P. Goonan_
Gregory P. Goonan (*admitted pro hac vice*)

*Attorneys for Defendants*
*Right Connection, Inc. and*
*Donald D. Hughes II*

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296