Gregory P. Goonan
*Admitted Pro Hac Vice*
**THE AFFINITY LAW GROUP®**
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
Telephone: (858) 412-4296
Email: ggoonan@affinity-law.com

Eric R. Olsen, Esq.
Nevada Bar # 3127
**GARMAN TURNER GORDON**
7251 Amigo Street, Suite 210
Las Vegas, NV 89119
Telephone: (725) 777-3000
Email: eolson@gtg.legal

Attorneys for Defendants
Right Connection, Inc. and Donald D. Hughes II

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DESIROUS PARTIES UNLIMITED INCORPORATED,<br><br>Plaintiff,<br><br>vs.<br><br>RIGHT CONNECTION, INC., et al,<br><br>Defendants. | CASE NO. 2:21-cv-01838-GMN-BNW<br><br>**MOTION IN LIMINE BY DEFENDANTS RIGHT CONNECTION, INC. AND DONALD D. HUGHES II TO EXCLUDE (1) TESTIMONY AND EVIDENCE FROM UNDISCLOSED EXPERT AMY LENERTZ; (2) EVIDENCE FROM UNDISCLOSED EXPERT ZEEV HASKAL**<br><br>**[DEFENDANTS' MOTION IN LIMINE NO. 2 OF 9]**<br><br>**HEARING REQUESTED** |

# MOTION

Defendants Right Connection, Inc. ("Right Connection") and Donald D. Hughes II (collectively "Defendants") file this motion in limine to exclude the following: (1) testimony and documentary evidence from an individual named Amy Lenertz; and (2) a report authored by an individual named Zeev Haskal.

This motion is made pursuant to Rule 401 and Rule 402 of the Federal Rules of Evidence on the ground that such materials are not relevant to any issue to be decided at the trial in this case. This motion also is made pursuant to Rule 403 of the Federal Rules of Evidence on the ground that any probative value of such materials is substantially and far outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Testimony and evidence from Lenertz must be excluded pursuant to Rule 404 of the Federal Rules of Evidence because such evidence is inadmissible character evidence. The report by Haskal is inadmissible hearsay and must be excluded under Rule 802 of the Federal Rules of Evidence. Finally, this motion also is made pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure on the grounds that Ms. Lenertz and Mr. Haskal are expert opinion witnesses and Plaintiff did not comply with expert disclosure requirements under Rule 26(a)(2).

/././

/././

/././

/././

/././

---

**MOTION IN LIMINE BY DEFENDANTS RIGHT CONNECTION, INC. AND DONALD D. HUGHES II TO EXCLUDE (1) TESTIMONY AND EVIDENCE FROM UNDISCLOSED EXPERT AMY LENERTZ; (2) EVIDENCE FROM UNDISCLOSED EXPERT ZEEV HASKAL**
**[DEFENDANTS' MOTION IN LIMINE NO. 2 OF 9]**

1

This motion is based on this notice of motion and accompanying memorandum of points and authorities, the files and records in this matter, and all other matters that the Court may properly consider in connection with this motion.

DATED: August 22, 2025         THE AFFINITY LAW GROUP

By: */s/ Gregory P. Goonan*
Gregory P. Goonan, Esq. (*admitted pro hac vice*)
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
Telephone: (858) 412-4296

GARMAN TURNER GORDON LLP

By: */s/ Eric R. Olsen*
Eric R. Olsen, Esq. (Nevada Bar # 3127)
7251 Amigo Street, Suite 210
Las Vegas, NV 89119
Telephone: (725) 777-3000

*Attorneys for Defendants
Right Connection, Inc. and
Donald D. Hughes II*

---

**MOTION IN LIMINE BY DEFENDANTS RIGHT CONNECTION, INC. AND DONALD D. HUGHES II TO EXCLUDE (1) TESTIMONY AND EVIDENCE FROM UNDISCLOSED EXPERT AMY LENERTZ; (2) EVIDENCE FROM UNDISCLOSED EXPERT ZEEV HASKAL
[DEFENDANTS' MOTION IN LIMINE NO. 2 OF 9]**

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

A.     EVIDENCE SUBJECT TO THIS MOTION IN LIMINE

This motion in limine seeks to exclude the following: (1) testimony and documentary evidence from an individual named Amy Lenertz; and (2) a report authored by an individual named Zeev Haskal. The materials sought to be excluded by this motion in limine will sometimes collectively be referred to as the "Subject Evidence."

B.     GROUNDS FOR EXCLUSION Of SUBJECT EVIDENCE

The Subject Evidence should be excluded pursuant to Rule 401 and Rule 402 of the Federal Rules of Evidence because the Subject Evidence is not relevant to any issue to be decided at trial. The Subject Evidence also should be excluded pursuant to Rule 403 of the Federal Rules of Evidence because any probative value of any of Subject Evidence is substantially and far outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. Testimony and evidence from Lenertz must be excluded under Rule 404 of the Federal Rules of Evidence because it is inadmissible character evidence. The report from Haskal is inadmissible hearsay so it must be excluded under Rule 802 of the Federal Rules of Evidence. The Subject Evidence also should be excluded because Ms. Lenertz and Mr. Haskal are expert opinion witnesses and Plaintiff did not comply with the expert disclosure requirements under Rule 26(a)(2).

C.     DISCUSSION

1.     Background

Amy Lenertz:  Ms. Lenertz is a private investigator located Houston, Texas.  In the Amended Joint Pretrial Order (ECF 142) ("PTO"), Plaintiff has identified a 310-page Report (identified as the "DV Report") which was prepared by Lenertz. [PTO 15:15-18.]  In the Amended Joint Pretrial Order, Plaintiff has identified Lenertz as a witness that it intends to call to testify. [PTO 35:21-23.]

A copy of the so-called DV Report is submitted as Exhibit A to this motion.  So as to not overburden the record, Defendants only submit the body of the report with this motion and not the

1  entire 310-page report. Defendants will submit the entire report if requested by the Court.

2  <u>Zeev Haskal</u>: Mr. Haskal is a private investigator located in Los Angeles, California. In the
3  Amended Joint Pretrial Order, Plaintiff has identified a document entitled "Declaration and Report
4  by Mega Group." [PTO 20:3-6.] The declaration is authored by Mr. Haskal and attaches a 12-page
5  report that appears to have been authored by a second individual named Brandon Benallie.

6  A copy of the report attached the Haskal's declaration is submitted as Exhibit B to this
7  motion. Plaintiff did not identify either Haskal or Benallie as witnesses in the Joint Pretrial Order.

8  As discussed below, neither Lenertz nor Haskal is a percipient witness in this case – neither
9  Lenertz nor Haskal was involved in any of the transactions or communications involved in this case.
10 Consequently, any testimony or evidence from Lenertz and Haskal is expert opinion testimony and
11 evidence. Plaintiff did not comply with the expert disclosure requirements under Rule 26(a)(2) of
12 the Federal Rules of Civil Procedure so Plaintiff cannot introduce testimony or evidence from either
13 of them.

14 Testimony and evidence from Lenertz and Haskal is not relevant to any issue to be decided at
15 trial and therefore is inadmissible under Rules 401 and 402 of the Federal Rules of Evidence. The
16 contents of the DV Report (and presumably Lenertz's testimony) also is character evidence that is
17 inadmissible under Rule 404 of the Federal Rules of Evidence. The Haskal declaration and
18 accompanying report are inadmissible hearsay under Rule 802. And the Subject Evidence also must
19 be barred under FRE 403.

20              2.    <u>All Purported Evidence From Lenertz And Haskal Must Be Excluded</u>
21                    <u>Pursuant To FRCP 26(a)(2) Because Plaintiff Did Not Comply With The</u>
22                    <u>Expert Witness Disclosure Requirements</u>

23 It is clear on the face of both the so-called DV Report (Exhibit A) and the Haskal declaration
24 and attached report (Exhibit B) that the content of those documents is expert opinion testimony.
25 Plaintiff presumably wants to call Lenertz to testify about the contents of the so-called DV Report.

26

27 **MOTION IN LIMINE BY DEFENDANTS RIGHT CONNECTION, INC. AND DONALD D. HUGHES II TO**
28 **EXCLUDE (1) TESTIMONY AND EVIDENCE FROM UNDISCLOSED EXPERT AMY LENERTZ; (2)**
**EVIDENCE FROM UNDISCLOSED EXPERT ZEEV HASKAL**
**[DEFENDANTS' MOTION IN LIMINE NO. 2 OF 9]**
4

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

And Plaintiff apparently somehow will try to admit the Haskal declaration and attached report without any testimony.

If Plaintiff wanted to offer expert opinion testimony from Lenertz and Haskal, it was required to comply with the expert disclosure requirements under Rule 26(a)(2) of the Federal Rules of Civil Procedure. The expert disclosure deadline in this case was September 12, 2022. [See ECF 66.] Pursuant to FRCP 26(a)(2)(A), Plaintiff was required to disclose the identities of all witnesses from whom it intended to offer expert testimony by such date and to provide a report from each such witness that contained the information set forth in FRCP 26(a)(2)(B). If Plaintiff wanted to offer expert opinion testimony from either Lenertz or Haskal, Plaintiff had to comply with these requirements. Plaintiff failed to do so.

Rule 37 "gives teeth" to the requirements of FRCP 26(a)(2) by forbidding the use at trial of any information that is not properly disclosed. [*Goodman v. Staples,* 644 F.3d 817, 827 (9th Cir.2011).] Rule 37(c)(1) was implemented by the 1993 amendments to the Federal Rules of Civil Procedure to broaden of the court's sanctioning power. [*Yeti by Molly Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir.2001).]

The Advisory Committee Notes state that Rule 37(c)(1) is a "self-executing," "automatic" sanction designed to provide a strong inducement for the proper disclosure of material." [Fed.R.Civ.P. 37 Advisory Comm. Notes (1993).] Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded. [*Yeti by Molly,* 259 F.3d at 1106.]

Because the exclusion sanctions for non-compliance with the FRCP 26(a)(2) expert disclosure requirements are designed to be self-executing, the nonmoving party bears the burden of demonstrating that that an allegedly improper disclosure was either proper, harmless, or substantially justified. [*Torres v. City of Los Angeles,* 548 F.3d 1197, 12123 (9th Cir.2008) (citing *Yeti by Molly,* 259 F.3d at 1107).] Here, Plaintiff's failure to comply with the expert disclosure requirements is

1  neither justified nor harmless.  There simply is no justification for Plaintiff's failure to provide the
2  disclosure required under FRCP 26(a)(2).
3      "Harmlessness may be established if a disclosure is made sufficiently before the discovery
4  cutoff to enable the movant to depose the expert and challenge his expert report." [*Boliba v.*
5  *Camping World, Inc.*, 2015 WL 3916775, at *2 (D. Nev. June 25, 2015).]  Here, Plaintiff still has
6  not made the disclosures required under FRCP 26(a)(2), even now as of the date of the filing of this
7  motion.  Plaintiff simply cannot show harmlessness.
8      Because Plaintiff has not complied with the disclosure requirements of Rule 26(a)(2),
9  Plaintiff must be barred from introducing testimony or evidence from Lenertz and Haskal as
10 provided by Rule 37(c)(1).
11         3.    The Subject Evidence Is Not Relevant And Must be Excluded Pursuant To
12               Rule 401 and Rule 402 Of The Federal Rules Of Evidence
13     Under Rule 402 of the Federal Rules of Evidence, evidence that is not relevant is not
14 admissible.  Pursuant to Rule 401 of the Federal Rules of Evidence, evidence is relevant only if: (a)
15 it has any tendency to make a fact more or less probable than it would be without the evidence; and
16 (b) the fact is of consequence in determining the action.
17     Testimony from Lenertz and DV Report are not relevant here.  Likewise, the Haskal
18 declaration and accompanying report is not relevant.  So all of this evidence must be excluded:
19     Lenertz:  As the Court will see when it reviews Exhibit A, the so-called DV Report is a
20 background investigation about Right Connection and Don Hughes.  Presumably, Plaintiff wants to
21 call Lenertz as a witness to testify about the contents of the DV Report.
22     None of the information in the DV Report has any relevance whatsoever to the issues to be
23 decided by the jury.  Critically, much of the information in the DV Report is factually incorrect,
24 lacking foundation, is pure speculation and baseless opinion, and is, in a word, outrageous.  Frankly,
25 Lenertz does not know what she is talking about in large measure in the DV Report and goes out of

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

her way in a highly unprofessional manner to slander and disparage Right Connection and Mr. Hughes.

Indeed, by way of example, the outrageousness of DV Report is made most clear by Lenertz's dissertation about Mr. Hughes' personal and marital history. What could Mr. Hughes' marital history or personal history possibly have to do with who owns the Dirty Vibes trademark? Nothing of course – it is intended solely to try to embarrass and impugn Mr. Hughes.

Nonsense like the DV Report has no place in litigation and no business being presented to a jury. Simply put, the DV Report is completely irrelevant and Lenertz has no relevant testimony to offer. Such evidence and testimony therefore must be excluded pursuant to FRE 401 and FRE 402.

<u>Haskal</u>: As the Court will see when it reviews Exhibit B, the gist of the Haskal declaration and accompanying report is that certain posts by Right Connection on Facebook dated November 16, 2017 and November 17, 2017 were edited in December 2017. Right Connection does not dispute this point.

On the contrary, James A. Terhune, the president of Right Connection, explained in the declaration he submitted in opposition to Plaintiff's motion for preliminary injunction, that the poster advertising the July 2018 Dirty Vibes event was in fact placed on Right Connection's Facebook pages in December 2017, not November 16, 2017 or November 17, 2017. [See Terhune Declaration (Exhibit C hereto) ¶¶ 16-17.] The report attached to the Haskal declaration merely confirms what Mr. Terhune already has explained so it has no relevance.

Given the foregoing, the content of the Haskal declaration and accompanying report must be excluded.

    4. <u>The DV Report And Testimony From Lenertz Are Improper Character Evidence That Must Be Excluded Pursuant To FRE 404</u>

The so-called DV Report on its face is inadmissible character evidence designed solely to slander and besmirch Right Connection and Mr. Hughes. As can be seen, Lenertz through her

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

testimony and the DV Report would try to convince the jury that Right Connection and Hughes acted in an improper manner view in this case in accordance with Lenertz's twisted and baseless view of Right Connection's supposed business practices. This is exactly the type of testimony and evidence that the character evidence rule under Rule 404 of the Federal Rules of Evidence is intended to preclude.

### 5. The Haskal Declaration And Report Are Inadmissible Hearsay

Plaintiff did not designate Haskal as a witness in the Joint Pretrial Order so he cannot testify. We do not know how Plaintiff intends to try to introduce the Haskal declaration and accompanying report into evidence. But on their face, the declaration and attached report are out-of-court statements that constitute inadmissible hearsay pursuant to Rule 802 of the Federal Rules of Evidence and therefore must be excluded.

Indeed, the Haskal declaration actually is double hearsay because the report that accompanies the declaration was prepared by someone named Brandon Benallie. So the Haskal declaration actually is repeating out-of-court statements by Benallie, which further demonstrates why the Haskal declaration and report must be excluded as inadmissible hearsay.

### 6. The Subject Evidence Must be Excluded Pursuant to Rule 403 Of the Federal Rules Of Evidence Because Any Probative Value Is Far Outweighed By The Unfair Prejudice To Defendants, Confusion Of The Issues, And Risk Of Misleading The Jury

Testimony from Lenertz, the DV Report, and the Haskal declaration and report, all must also be excluded under Rule 403 of the Federal Rules of Evidence because any probative value of such purported evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury.

Rule 403 of the Federal Rules of Evidence provides "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

**MOTION IN LIMINE BY DEFENDANTS RIGHT CONNECTION, INC. AND DONALD D. HUGHES II TO EXCLUDE (1) TESTIMONY AND EVIDENCE FROM UNDISCLOSED EXPERT AMY LENERTZ; (2) EVIDENCE FROM UNDISCLOSED EXPERT ZEEV HASKAL
[DEFENDANTS' MOTION IN LIMINE NO. 2 OF 9]**
8

1  following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or
2  needlessly presenting cumulative evidence." All of the Subject Evidence satisfies all these criteria.
3    The DV Report and Haskal declaration and report have no probative value and are unfairly
4  prejudicial and misleading on their face. If the Court were to allow the admission of such evidence
5  and testimony from Lenertz, Defendants then would have to devote substantial trial time to rebutting
6  such evidence and demonstrating why such evidence is baseless and wrong. This undoubtedly will
7  result in undue delay, a possible waste of time, and confusing the jury.
8    Accordingly, all of the Subject Evidence also must be excluded pursuant to Rule 403.

DATED: August 22, 2025

THE AFFINITY LAW GROUP

By:  /s/ Gregory P. Goonan
  Gregory P. Goonan, Esq. (*admitted pro hac vice*)
  5230 Carroll Canyon Road, Suite 230
  San Diego, CA 92121
  Telephone: (858) 412-4296

GARMAN TURNER GORDON LLP

By:  /s/ Eric R. Olsen
  Eric R. Olsen, Esq. (Nevada Bar # 3127)
  7251 Amigo Street, Suite 210
  Las Vegas, NV 89119
  Telephone: (725) 777-3000

*Attorneys for Defendants*
*Right Connection, Inc. and*
*Donald D. Hughes II*

---

**MOTION IN LIMINE BY DEFENDANTS RIGHT CONNECTION, INC. AND DONALD D. HUGHES II TO EXCLUDE (1) TESTIMONY AND EVIDENCE FROM UNDISCLOSED EXPERT AMY LENERTZ; (2) EVIDENCE FROM UNDISCLOSED EXPERT ZEEV HASKAL**
**[DEFENDANTS' MOTION IN LIMINE NO. 2 OF 9]**

CERTIFICATION UNDER LR 16-3

In accordance with the requirements of LR 16-3, the undersigned certifies that the parties have participated in the meet-and-confer process and have been unable to resolve the matter without court action.

DATED: August 22, 2025    THE AFFINITY LAW GROUP

By: /s/ Gregory P. Goonan
Gregory P. Goonan (*admitted pro hac vice*)

*Attorneys for Defendants*
*Right Connection, Inc. and*
*Donald D. Hughes II*

---

**MOTION IN LIMINE BY DEFENDANTS RIGHT CONNECTION, INC. AND DONALD D. HUGHES II TO EXCLUDE (1) TESTIMONY AND EVIDENCE FROM UNDISCLOSED EXPERT AMY LENERTZ; (2) EVIDENCE FROM UNDISCLOSED EXPERT ZEEV HASKAL**
**[DEFENDANTS' MOTION IN LIMINE NO. 2 OF 9]**