1   SHAHROKH SHEIK (CA Bar No. 250650)
    shahrokh@wgcounsel.com
2   *Admitted Pro Hac Vice*
    WEINBERG GONSER LLP
3   1100 Glendon Avenue, PH-9
    Los Angeles, California 90024
4   Telephone: (424) 239-2850
    Facsimile: (424) 238-3060
5
    RYAN GILE, ESQ. (NV Bar No. 8807)
6   rg@gilelawgroup.com
    Gile Law Group Ltd.
7   1180 N. Town Center Drive, Suite 100
    Las Vegas, NV 89144
8   Tel. (702) 703-7288

9   Attorneys for Plaintiff,
    DESIROUS PARTIES UNLIMITED, INC
10

11                      UNITED STATES DISTRICT COURT
12
                      DISTRICT OF NEVADA, LAS VEGAS
13

14

15  DESIROUS PARTIES UNLIMITED, INC., a     Case No. 2:21-cv-01838-GMN-BNW
    Texas corporation,
                                            *Hon. Gloria M. Navarro*
16              Plaintiff,
                                            **PLAINTIFF'S OPPOSITION TO**
17        vs.                               **DEFENDANTS' MOTION IN LIMINE NO.
                                            1**
18  RIGHT CONNECTION, INC., a Nevada
    corporation; and DON HUGHES, an         *Filed concurrently with the Declaration of
19  individual,                             David Matlock*

20              Defendants.

21

22

23

24

25

26

27

28

WEINBERG
GONSER

1

2

## TABLE OF CONTENTS

Page

3   MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

4   I.      INTRODUCTION...........................................................................................................1

5   II.     BACKGROUND / PROCEDURAL HISTORY.............................................................2

6   III.    ARGUMENT ..................................................................................................................3

7           A.      The Subject Evidence is directly relevant to liability, damages, willfulness,
                    intent, and exceptionality. ..................................................................................3
8
            B.      The probative value of these materials far outweighs any unfair prejudice...............7
9
            C.      Defendants fail to clarify exactly what documents they wish to be excluded
10                  and fail to set forth arguments particularized for the documents, but the
                    same arguments do not apply to all documents........**Error! Bookmark not defined.**
11
            D.      It is premature for the Court to exclude any of the Subject Evidence
12                  altogether at this juncture ...................................................................................9

13  IV.     CONCLUSION ...............................................................................................................9

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG
GONSER

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    INTRODUCTION**

3       Defendants' defense in this case is knowingly false and obstructive, and they now seek to

4   prevent the evidence of their misconduct to the jury. As the Court expressly found when granting

5   Plaintiff Motion for Preliminary Injunction, Defendants filed tampered, manufactured evidence to

6   falsely represent a material fact in this case, including the date of first use of the DIRTY VIBES

7   trademark. The Court's express finding of deception did not deter Defendants because they continued

8   to use the DIRTY VIBES trademark after the Injunction, resulting in <u>two</u> orders finding them in

9   violation including a contempt finding and monetary sanctions of $46,766.  Defendants' oppositions

10  to the contempt motions, along with their baseless motion for reconsideration and two baseless

11  appeals, caused Plaintiff to incur massive amounts of burdensome and unnecessary attorneys' fees-

12  all part of Defendant Don Hughes' threat to Plaintiff Matlock that Hughes would drown Matlock in

13  endless litigation should Matlock file suit. (Decl. David Matlock ISO Opp'n MIL No. 1 ("MIL 1

14  Matlock Decl.") ¶¶ 2-4, **Exs. A, B**.)  Hughes succeeded- he manufactured evidence of first use to

15  create a veneer of legitimacy; he then proceeded to infringe the DIRTY VIBES trademark; and then

16  he filed frivolous motions for reconsideration and appeal based on the manufactured evidence; and

17  he knowingly violated the injunction to the point of being found in contempt.

18       Now, with this motion in limine, Defendants seek a free pass from the Court to enter this trial

19  *tabula rasa*, as if none of their misconduct ever happened.  Fortunately, the law of evidence does not

20  permit parties to escape the consequences of their own deception and perjury in this way.  The Subject

21  Evidence (as Defendants define it in their Motion) must all be admitted for the purpose of showing

22  Defendants' (1) continued infringement, which is directly relevant to both liability and damages, and

23  (2) willfulness and intent in interfering with Plaintiff's trademark rights both pre-litigation and during

24  the proceedings, which is directly relevant to damages and statutory enhancements. Defendants now

25  seek through Motion in Limine No. 1 to exclude any mention of this history, including the injunction,

26  enforcement motions, contempt findings, sanctions, and appellate affirmances. Their motion thus

27  asks the Court to erase from the jury's view Defendants' sustained pattern of deception, contempt,

28  and abuse of the judicial process. Because the Subject Evidence is directly relevant to both liability

WEINBERG
GONSER

1

1   and damages in several respects, it cannot be excluded and this Motion should be denied.

2   **II.      BACKGROUND / PROCEDURAL HISTORY**

3           This case arises from Defendants' unlawful use of Plaintiff's trademark in the word mark

4   DIRTY VIBES, which Plaintiff used as the name and brand for its productions of adult-oriented

5   destination events. Prior to filing suit, Hughes told Matlock to "strap in" and threatened to go after

6   Desirous Parties. (MIL 1 Matlock Decl. ¶ 4, **Ex. B.**)   After Plaintiff filed this suit, Defendants lied

7   about their first use of the trademark and continued to use and infringe the DIRTY VIBES word mark.

8   On January 21, 2022, Plaintiff moved for a preliminary injunction to halt Defendants' infringement

9   of the DIRTY VIBES mark.  (Mot. Prelim. Inj., ECF No. 42.)  On September 7, 2022, after full

10  briefing, the Court granted the motion, issued an injunction that barred Defendants from using

11  Plaintiff's "DIRTY VIBES" mark or any confusingly similar designation, prohibited Defendants

12  from using Plaintiff's copyrighted materials, and required Defendants to post corrective language on

13  their website. (Order Granting Mot. Prelim. Inj., ECF No. 72.) The Court specifically found that

14  Plaintiff was likely to succeed on the merits of its trademark and copyright claims, that irreparable

15  harm would occur absent relief, and that Defendants' conduct risked misleading consumers. (*Id.* at 6,

16  14-15.) The Court also expressly found that Defendants tried to deceive the Court by relying on

17  "tampered evidence" related to their alleged date of first use. (*Id.* at 9.)

18          Defendants knowingly violated the injunction and carried out more Dirty Vibes events.

19  Accordingly, on October 24, 2022, Plaintiff filed an Emergency Motion to Enforce the Injunction

20  (Mot. Enforce Inj., ECF No. 82.), which the Court granted and found Defendants in contempt and

21  imposed coercive daily sanctions of $5,000 beginning December 9, 2022 (*Id.* at 11.) Brazenly,

22  Defendants continued to knowingly violate the Court's Order and  infringe the DIRTY VIBES mark.

23  Plaintiff was then forced to file a second emergency motion, this one to strike the answer, dismiss the

24  cross-complaint, and for monetary sanctions for contempt. (2d Mot. Enforce Inj., ECF No. 100.) On

25  April 17, 2023, the Court granted the motion in part.  (Order on 2d Mot. Enforce Inj., ECF No. 113.)

26  The Court reaffirmed Defendants' continued use of the DIRTY VIBES mark, noting that they

27  continued to promote events under confusingly similar branding and to evade the disclaimer

28  requirement, and imposed monetary sanctions of $46,766.00 (*Id.* at 8.)

WEINBERG
GONSER

1    Meanwhile, Defendants filed a baseless motion for reconsideration offering no new evidence,

2    and pursued multiple appeals of the preliminary injunction and enforcement orders. (Notices of

3    Appeal, ECF Nos. 79, 95.)  On June 30, 2023, the Ninth Circuit affirmed both the preliminary

4    injunction and the December 2022 enforcement order in Plaintiff's favor. (Mem. 9th Cir., ECF No.

5    129.)

6    Despite these repeated findings of infringement and contempt, Defendants persisted in

7    pretending they had done nothing wrong, while continuing to force Plaintiff to incur enormous

8    expense responding to meritless appeals and enforcement disputes. Indeed, they manufactured

9    evidence of first use (which creates the logical inferences they did not use the mark first, and thus are

10    not the trademark owners), and then proceeded to file motions and appeals to claim the injunction

11    was improper. In short, the motions and orders Defendants seek to preclude do not arise from ordinary

12    motion practice and instead directly reflect a pattern of continued infringement, of willfulness, of

13    malice, and of intent to ignore the Court's orders and continue to harm Plaintiff.

14    **III.    ARGUMENT**

15    **A.    Defendants fail to clarify exactly what documents they wish to be excluded and**

16    **fail to set forth arguments particularized for the documents, but the same**

17    **arguments do not apply to all documents**

18    A fatal issue with Defendants' Motion in Limine No. 1 is that it is extremely vague about

19    exactly what evidence Defendants seek to exclude.  In the notice of motion, Defendants purport to

20    seek exclusion of "evidence of, reference to or any mention of" various prior proceedings. (Mot. 1.)

21    In the Motion itself, Defendants provide a list of Plaintiff's items of evidence Defendants believe

22    would be subject to this exclusion, consisting of briefs, declarations, and orders relating to the various

23    prior proceedings. (Mot. 4-5.) Defendants then hedge by refraining from indicating that that list is

24    exhaustive.  (Mot. 5:1-2.) They then further confuse matters with footnote 1; based on footnote 1,

25    Plaintiff and his counsel genuinely cannot tell whether Defendants also seek exclusion of all exhibits

26    that Plaintiff filed in connection with the prior motions, a request that would undeniably be highly

27    overbroad and improper.

28    This lack of clarity is sufficient grounds for the Court to deny the motion altogether.  *Angelo*

1  *v. Thomson Int'l, Inc.*, No. 1:21-cv-01609-JLT-CDB, 2024 WL 3202513, at *1 (E.D. Cal. June 27,

2  2024) ("[A] party's failure to specify the evidence that a motion *in limine* seeks to exclude constitutes

3  a sufficient basis upon which to deny the motion." (internal quotation marks and alteration brackets

4  removed) (quoting *United States v. Lewis*, 493 F.Supp.3d 858, 861 (C.D. Cal. 2020))).  At the very

5  least, it is ample grounds to give the Court pause before granting any component of this Motion to

6  ensure that the exclusion is not unintentionally or improperly overbroad.  Importantly, in none of

7  Defendants' cited cases did a court issue or approve a sweeping ruling preventing party from making

8  any mention of or introduction of any evidence that relates in any way to a preliminary injunction

9  motion.  See, e.g., *Reyes*, 2016 WL 9137532, at *2 ("The Court's ruling on this motion does not apply,

10  however, to evidence that the parties presented in connection with the TRO and preliminary

11  injunction . . . to the extent it is relevant to the underlying retaliation claim.").  Instead, the rulings

12  are typically issued as to PI orders and possibly hearings.  See, e.g., *Marlite*, 2010 WL 11505461, at

13  *5 (excluding a preliminary injunction hearing and opinion only, where none of the claims asserted

14  against defendants were at issue at the time the preliminary injunction issued).  The Court should not

15  accept Defendants' invitation to exclude broad categories of materials – rulings, party filings, and

16  supporting exhibits—in one fell swoop and devoid of individual determination.  Defendants' request

17  here is far overbroad, and Defendants fail by a wide margin in their burden of showing that this entire

18  broad category of evidence must be excluded.

19  **B.    The Subject Evidence is directly relevant to liability, damages, willfulness,**
20  **intent, and exceptionality.**

21  Defendants seek to exclude the Subject Evidence by starting from the proposition that prior

22  rulings, such as the ruling on the preliminary injunction, do not have preclusive effect.  From there,

23  they argue, somewhat conclusorily, that because prior rulings are not preclusive, <u>any</u> materials related

24  to any prior ruling and <u>any</u> reference to any prior ruling are categorically irrelevant and/or excludable

25  under FRE 403. They cite cases where courts excluded preliminary injunction rulings on these

26  evidentiary bases.

27  However, there are two major differences between this case and Defendants' cited cases. First,

28  here, Plaintiff does not seek to introduce any passage from any prior ruling as standalone evidence

WEINBERG
GONSER

4

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1

1   that Defendants infringed the DIRTY VIBES trademark or breached contract. Instead, Plaintiff seeks

2   to introduce the prior rulings and proceedings as evidence of their legal effect and to lay the

3   foundation for showing that Defendants attempted to abuse discovery and defraud the Court via

4   manufactured evidence and continued to violate Court orders and infringe Plaintiff's mark—all of

5   which is directly relevant to trademark liability and damages.  Second, unlike in Defendants' cited

6   cases, in this case, the Subject Evidence reflects Defendants' pervasive manufacturing of evidence

7   and defiance of court orders—all of which speak directly to Defendants' lack of credibility, their

8   willfulness (relevant to statutory damages enhancements under the Lanham Act, see 15 U.S.C.

9   § 1117(a)-(c)), their intent to harm Plaintiff and to interfere with Plaintiff's business relationships (for

10  IIPER), and Lanham Act exceptionality (for statutory attorneys' fees under 15 U.S.C. § 1117(a)).

11  These are all issues directly relevant to each of Plaintiff's claims, and Federal Rule of Evidence 608(b)

12  specifically allows parties to introduce evidence attacking a witness's credibility.  *United States v.*

13  *Geston*, 299 F.3d 1130, 1137 (9th Cir. 2002) ("Specific bad act evidence is admissible under [FRE]

14  608(b) for the purpose of attacking or supporting the witness's credibility if it is probative of the

15  witness' character for truthfulness or untruthfulness or challenges a witness's credibility."); *Zuchella*

16  *v. Olympusat, Inc.*, No. CV 19-7335 DSF (PLAx), 2023 WL 2633947, at *4 (C.D. Cal. Jan. 10, 2023)

17  (collecting cases, noting that "several circuits have held that prior judicial findings on a witness's

18  credibility are admissible under Rule 608(b)," and denying requests to exclude credibility evidence

19  on this basis).

20      This is reflected in the case law affirming situations where it is proper to allow prior rulings,

21  such as preliminary injunction rulings, into evidence when (as here) there is some reason the

22  proponent has for introducing the ruling beyond to merely show the merits of the underlying claim.

23  For example, in *Parker v. Ritz*, No. 18-CV-1895-RJD, 2022 WL 1570981, at *2 (S.D. Ill. May 18,

24  2022), a former inmate sued the defendants for deliberate indifference to the inmate's cyst.  (2022

25  WL 1570981 at *1.)  During the pretrial proceedings, the court issued a preliminary injunction

26  ordering Defendants to send the inmate in for a urology consultation.  (*Id.*)  The court held that the

27  preliminary injunction ruling was relevant because (1) it would clarify to the jury that the Defendants

28  did not voluntarily send the Plaintiff to the urology consultation, and (2) the urology surgeon who

WEINBERG
GONSER

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1

examined Plaintiff was set to testify at trial, and the circumstances surrounding Plaintiff's visit was deemed relevant. (*Id.*)  The present case is analogous; the prior rulings provide context on what the Court ordered Defendants to do with respect to the DIRTY VIBES trademark, and Defendants' actions in complying with that order (or not) are directly relevant not only to infringement but to Defendants' state of mind as they were infringing.  As in *Parker*, the prior order provides necessary context.

Moreover, the Subject Evidence does not raise the sort of prejudice concerns that were present in *U.S. v. Sine*, 493 F.3d 1021, 1034 (9th Cir. 2007).  In that case, the trial court found that a prior preliminary injunction ruling was relevant because it spoke to whether the defendant had a "realistic legal basis for expecting a successful result when he brought suit."  493 F.3d at 1033.  However, the court of appeal raised concerns about the ruling's prejudicial effect, primarily because the judge in the preliminary injunction order made derogatory comments about the defendant's character, describing the defendant's conduct as "chicanery, mendacity, deceit, and pretense," and the Court reasoned that such pronouncements could unfairly prejudice the jury.  *Id.* at 1040.  In doing so, however, the Ninth Circuit explicitly indicated that there <u>were</u> situations where "reference to facts found in a judicial opinion" <u>could</u> properly be admitted into evidence *without* running afoul of FRE 403.  *Id.* at 1034; Hiroshi Motomura, *Using Judgments as Evidence*, 70 Minn. L. Rev. 979, 1038 (1986) ("[M]ost modern commentators would not categorically declare juries incompetent to weigh prior [judicial] determinations.").  The present case is one such case; the subject orders do not malign Defendants' character and are directly relevant for the reasons already stated.[1]

In this regard, it is ironic that Defendants would cite *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032 (8th Cir. 2011) in support of the proposition that the preliminary injunction should be excluded.  In that case, the Court of Appeal affirmed the lower court's having *allowed* an injunction ruling into evidence with a limiting ("cautionary") instruction for the jury. 628 F.3d at 1041 ("WWFS's allegations of prejudice are too speculative to warrant reversal").  That is

---

[1] The Court of Appeal in *Lewis* ultimately affirmed the judgment, finding that the result of the trial would likely not have changed even if the Court had excluded the allegedly prejudicial ruling. 493 F.3d at 1039-40.

1     *exactly* what Plaintiff proposes here, should such a need arise during the trial, and under *WWP*, such

2     an approach is allowable and well within the Court's discretion.  Moreover, in *WWP*, unlike here,

3     there was no pattern of misconduct, no continued infringement via violation of the preliminary

4     injunction order, and no scheme to dupe and deceive with tampered evidence.  Here, the subject

5     preliminary injunction ruling illuminates all these key issues,   further affirming that allowing the

6     preliminary injunction ruling and related materials into evidence is proper.

7         Defendants' other cases are inapposite for other reasons.  For example, *Marlite v. Eckenrod*,

8     No. 09-22607-CIV-TORRES, 2010 WL 11505461 (S.D. Fla. June 18, 2010) is inapposite because

9     there, a major factor in the Court's ruling was the fact that the parties against whom the preliminary

10    injunction order was sought to be used were not even parties to the claims at issue at the time.  (2010

11    WL 11505461 at *5.)    And again, *Marlite* did not involve the remarkable facts of litigation

12    misconduct, continued violation of orders, and tampered evidence peculiar to this case that render the

13    prior proceedings highly relevant on the issues of liability, damages, Defendants' credibility, intent

14    to harm, intent to interfere, willfulness, and unreasonableness.  The same is true of Defendants' case

15    *Park West Radiology v. CareCore Nat. LLC*, 675 F.Supp.2d 314 (S.D.N.Y. 2009); nothing in that

16    case involved an opponent who repeatedly abused the litigation process, violated court orders,

17    manufactured evidence, and revealed their intent.

18         **C.**       <u>**The probative value of these materials far outweighs any unfair prejudice.**</u>

19         Defendants also argue that the Subject Evidence should be excluded under FRE 403 because

20    the risk of undue prejudice outweighs the probative value, but exactly the opposite is true.  For the

21    reasons discussed above, these materials are highly probative of liability, damages, and state of mind,

22    and without them, the jury will receive a prejudicially incomplete picture of Defendants' infringing

23    conduct thus far.  Moreover, there is no unfair prejudice; a jury is perfectly capable of understanding

24    that a prior ruling is to be used for its legal effect and for the notice it provides, not for the truth of

25    any of the factual matters asserted therein.  *Sine*, 493 F.3d at 1034.

26         Defendants cite cases they assert support the application of FRE 403 here, but Defendants'

27    cases are district court cases, meaning their value to this Court is at most persuasive, meaning in turn

28    that the cases are only as valuable as the reasoning therein.  With this in mind, the first two of

WEINBERG
GONSER

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1

1    Defendants' cases regarding FRE 403—*Reyes v. Transamerica Life Ins. Co.*, No. CV 15–3452–DMG

2    (FFMx), 2016 WL 9137532, at *2 (C.D. Cal. June 28, 2016), and *King Lombardi Acquisitions, Inc.*

3    *v. Troop Real Estate, Inc.*, No. CV 09–3672 DSF (AGRx), 2011 WL 13213918 (N.D. Cal. Dec. 7,

4    2018)—provide essentially nothing helpful for this Court, because they are no more than conclusory

5    orders that the preliminary injunction motion should be excluded under the text of FRE 403.  In other

6    words, they do not provide any reasoning or analysis that this Court could then take and apply to the

7    present facts.  Defendants' third case, *Newmark*, contains a modicum more reasoning, but it again is

8    inapposite. That case did not involve a defendant manufacturing evidence and twice violating the

9    Court's order to stop using a trademark.  Here, the Subject Evidence goes to Defendants' credibility,

10    intent to harm, intent to interfere, willfulness, and unreasonableness, and Plaintiff is entitled to

11    introduce evidence of such conduct at trial, including by introducing the Subject Evidence for context

12    and for their legal effect.

13        And contrary to Defendants' naked assertion, any potential prejudice arising from

14    introduction of prior orders or filings can be addressed with a limiting jury instruction, as many courts

15    have done.  See, e.g., *WWP*, 628 F.3d, at 1041.  Defendants simply cite one district court case as an

16    example of where a court found that a limiting instruction would not reduce the prejudice, but that in

17    no way amounts to a blanket rule stating that limiting instructions are ineffective in all instances.

18        If anything, it would be highly prejudicial to Plaintiff if this evidence were excluded.

19    Defendants cannot use the rules of evidence to escape the consequences of their prior misconduct,

20    especially when, as here, that misconduct goes to the heart of the case.  Again, Defendants fully

21    fabricated their first use evidence, arguably one of the most foundational pieces of evidence for a

22    trademark claim next to the registration certificate.  They now seek to escape the consequences of all

23    their prior misconduct by arguing that the jury would be too dense to understand what to use the

24    evidence for and what not to use it for. But the jury is capable of understanding that a prior ruling

25    was made on limited evidence and that they are not bound by it. *Sine*, 493 F.3d at 1034.  No prejudice

26    would be engendered by giving them such an instruction. The Court should deny Defendants this

27    opportunity and save any evidentiary determinations on the Subject Evidence for trial.

28

WEINBERG
GONSER

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1

**D.**     **It is premature for the Court to exclude any of the Subject Evidence altogether at this juncture**

Even if the Court agrees with some of Defendants' arguments that there are ways that Plaintiff might seek to use the Subject Evidence that are impermissible, that does not mean the Court should issue a blanket in limine order at this juncture categorically preventing Plaintiff from introducing documents or referring to the prior proceedings. Such an order would be premature and unnecessary. Instead, the ends of justice would be much better served by deferring such a ruling to the trial, where each piece of evidence can be considered (1) in its context and (2) for the specific purpose for which it is offered at that time.

At minimum, it is beyond doubt that the Court should not, at this early juncture, fully preclude any mention of these prior proceedings in the case. It would be far better for the Court to determine whether the mention of one or the other of these proceedings, or the introduction of one or more particular filings, is appropriate in the context in which it arises in trial.

**IV.     CONCLUSION**

For the foregoing reasons, Defendants' Motion in Limine No. 1 must be denied. The prior proceedings and rulings in this case are not collateral skirmishes; they are the very record of Defendants' repeated infringement, willful deception, contempt of this Court's authority, and the exceptionality of this case. Defendants manufactured evidence, pretended their misconduct never occurred even when confronted with proof, were held in contempt of court twice, and then wasted judicial and party resources with meritless appeals that the Ninth Circuit uniformly rejected. That history speaks directly to Defendants' credibility, willfulness, intent to interfere with Plaintiff's rights, and the exceptionality of this case. The Federal Rules of Evidence do not allow a party to scrub away its own misconduct by motion in limine. A limiting instruction can address any theoretical prejudice. The Court should therefore DENY Defendants' Motion in Limine No. 1 in its entirety.

1    DATED:  September 5, 2025          WEINBERG GONSER LLP

2

3                                      By:  */s/ Shahrokh Sheik*
                                            SHAHROKH SHEIK
                                            CA State Bar No. 250650
4                                           Federal ID No. 3635002
                                            1100 Glendon Avenue, PH-9
5                                           Los Angeles, California 90024
                                            Telephone: (424) 239-2850
6                                           Facsimile: (424) 238-3060

7

8                                      GILE LAW GROUP LTD.

9                                      By:  */s/ Ryan Gile*
                                            RYAN GILE
10                                          (NV Bar No. 8807)
                                            Gile Law Group Ltd.
11                                          1180 N. Town Center Drive, Suite 100
                                            Tel. (702) 703-7288
12
                                            Attorneys for Plaintiff,
13                                          DESIROUS PARTIES UNLIMITED, INC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG
GONSER

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1

1

**<u>CERTIFICATE OF SERVICE</u>**

2

3          I hereby certify that on September 5, 2025, I electronically filed the foregoing document

4   with the Clerk of the Court using the ECF system. Notice of such filing will be sent to all attorneys

5   of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies

6   of the foregoing have not been provided via personal delivery or by postal mail.

7

8

9                                    By          */s/ Hang Tu*

                                              Hang Tu
10                                           Paralegal, WEINBERG GONSER LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28