SHAHROKH SHEIK (CA Bar No. 250650)
shahrokh@wgcounsel.com
*Admitted Pro Hac Vice*
WEINBERG GONSER LLP
1100 Glendon Avenue, PH-9
Los Angeles, California 90024
Telephone: (424) 239-2850
Facsimile: (424) 238-3060

RYAN GILE, ESQ. (NV Bar No. 8807)
rg@gilelawgroup.com
Gile Law Group Ltd.
1180 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Tel. (702) 703-7288

Attorneys for Plaintiff,
DESIROUS PARTIES UNLIMITED, INC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, LAS VEGAS

| | |
|---|---|
| DESIROUS PARTIES UNLIMITED, INC., a Texas corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>RIGHT CONNECTION, INC., a Nevada corporation; and DON HUGHES, an individual,<br><br>        Defendants. | Case No. 2:21-cv-01838-GMN-BNW<br><br>*Hon. Gloria M. Navarro*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2**<br><br>Case Filed:    October 5, 2021<br>Trial Date:    September 22, 2025 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

It is well established that evidence should not be excluded on a motion in limine unless it is "clearly inadmissible on all potential grounds." Where relevance and admissibility turn on the context in which the evidence is offered, exclusion before trial is improper.

Defendants' Motion in Limine No. 2 disregards this standard. They seek the wholesale exclusion of (1) the testimony of Amy Lenertz, (2) her Dirty Vibes Report, and (3) the declaration of investigator Zeev Haskal. Their arguments misstate Federal Rule of Civil Procedure 26(a)(2), misconstrue the scope of permissible lay testimony under the Federal Rules of Evidence, and attempt to reframe classic credibility issues as grounds for pretrial exclusion.

Each category of challenged evidence is admissible. Ms. Lenertz is not being offered as an expert witness; her testimony is based on her personal review of public records and litigation documents. Mr. Haskal likewise testifies to his factual observations regarding Defendants' Facebook posts. Both provide probative evidence of Defendants' infringement, their fabrication of supposed "first use" evidence, and their ongoing misconduct. Defendants' request to strike these materials in their entirety is overbroad, unsupported, and contrary to the principle that evidentiary rulings should be made in the context of trial.

For these reasons, and as set forth below, the Court should deny Defendants' Motion in Limine No. 2 in its entirety.

## II.     BACKGROUND / PROCEDURAL HISTORY

Elementally, this is a straightforward trademark case over the word mark DIRTY VIBES. Plaintiff Desirous Parties Unlimited, Inc. ("DPU") is the owner of the federally registered trademark "Dirty Vibes" USPTO Reg. No. 6068727.  (Omnibus Declaration of David Matlock ISO Mots. In Limine ("Matlock Decl.") ¶ 7, **Ex. C**, ECF No. 165-5.) Plaintiff DPU is Matlock's event production company.  (Matlock Decl. ¶¶ 2-3.)  In late November 2017, Matlock created the DIRTY VIBES mark to promote DPU's events, and he first used the mark in commerce by posting a flyer for DPU's first Dirty Vibes event on his website and social media on November 28, 2017.  (Matlock Decl. ¶¶ 4-5.)

       In 2017, Matlock engaged Defendant Hughes' company, Defendant Right Connections, Inc., as the travel and booking agent for DPU's events in exchange for 50% of the profits ("RCT Services Agreement"). (Matlock Decl. ¶¶ 9-10.) In 2020, Hughes wrongfully demanded that Matlock hand over the DIRTY VIBES trademark, and when Matlock refused to do so, Hughes cut ties with Matlock and continued doing events under the DIRTY VIBES mark, thus repeatedly infringing Plaintiff's DIRTY VIBES trademark. (Matlock Decl. ¶ 27.) Plaintiff's primary claim is a trademark infringement claim, through which Plaintiff seeks disgorgement of all profits Defendants made through their wrongful use of the DIRTY VIBES mark. (Compl. ¶¶ 35-44, ECF No. 1.) Plaintiff's secondary claim is a breach of contract claim, for Defendants' failure to pay Plaintiff his share of the event profits for an April 2021 event that DPU produced shortly before the Defendants cut ties with Plaintiff. (Compl. ¶¶ 58-62.)

       In 2020, Hughes wrongfully demanded that Matlock hand over the DIRTY VIBES trademark, and when Matlock refused to do so, Hughes cut ties with Matlock and continued doing events under the DIRTY VIBES mark, thus repeatedly infringing Plaintiff's DIRTY VIBES trademark. (Matlock Decl. ¶ 27.) Plaintiff's primary claim is a trademark infringement claim, through which Plaintiff seeks disgorgement of all profits Defendants made through their wrongful use of the DIRTY VIBES mark. (Compl. ¶¶ 35-44, ECF No. 1.) Plaintiff's secondary claim is a breach of contract claim, for Defendants' failure to pay Plaintiff his share of the event profits for an April 2021 event that DPU produced shortly before the Defendants cut ties with Plaintiff. (Compl. ¶¶ 58-62.)

       Trial is set for September 22, 2025. Amy Lenertz is listed on Plaintiff's witness list.

       Defendants now seek through Motion in Limine No. 2 to exclude the testimony of Amy Lenertz, her Dirty Vibes Report, and the declaration of investigator Zeev Haskal—evidence that squarely exposes their manufactured "first use" evidence and ongoing misconduct. Their motion thus asks the Court to erase from the jury's view not only this critical proof of infringement, but also Defendants' sustained pattern of deception, contempt, and abuse of the judicial process.

## III. ARGUMENT

### A. Rule 26 Does Not Apply Because Lenertz and Haskal Are Lay Witnesses

Defendants' threshold argument—that Plaintiff was required to disclose Amy Lenertz and Zeev Haskal as retained experts under Federal Rule of Civil Procedure 26(a)(2)—is legally baseless. Rule 26(a)(2) governs only experts, not lay witnesses. *U.S. v. VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995) (finding testimony of officer whose testimony was "rationally based on his perceptions during the drug search at [defendant's] residence and his perceptions during prior drug investigations" was lay, not expert, testimony). Neither Ms. Lenertz nor Mr. Haskal falls into the "expert" category.

Ms. Lenertz is not being offered to render opinions on scientific or technical matters. She reviewed litigation filings, domain registrations, corporate records, and other documents that are either public or already produced in discovery. Her anticipated testimony, and her Dirty Vibes Report, simply summarize what she saw in those records and how those materials demonstrate Defendants' pattern of deception. That is factual testimony grounded in personal knowledge—not expert analysis.

Similarly, Mr. Haskal's declaration does not contain specialized opinions. He performed a straightforward review of Defendants' Facebook pages and confirmed what was evident: that certain posts were backdated to create the false impression of earlier use. His declaration authenticates those observations. This is undoubtedly lay testimony that does not require special knowledge, skill, experience, training or education. Indeed, in ruling on the preliminary injunction motion, the Court was able to perfectly understand and follow Plaintiff's evidence and argument showing that Defendants' first use evidence was altered; no expert consultation or input was required for the analysis.

Because both witnesses testify as lay witnesses, no Rule 26 expert report or designation was required. Defendants' attempt to transform ordinary fact testimony into undisclosed "expert testimony" is a transparent tactic to exclude damaging evidence.

### B. The Evidence Is Relevant and Defendants' Overbroad Request Is Improper

Defendants next claim the Lenertz Report, her testimony, and the Haskal declaration are irrelevant. But the evidence cuts to the very heart of this case. Plaintiff alleges that Defendants engaged in willful trademark infringement, fabricated proof of first use of the mark in commerce, and

defied multiple court orders. The challenged evidence demonstrates precisely that misconduct.

The Lenertz Report provides a factual chronology of Defendants' business practices, litigation history, and trademark activity. It shows that Defendants have repeatedly tried to manipulate proceedings and mislead courts about their ownership and use of the DIRTY VIBES mark. The Haskal declaration corroborates this by showing that Defendants' supposed "first use" Facebook posts were backdated—proving their evidence was manufactured. These facts are highly probative of liability, willfulness, damages, and exceptionality.

Defendants also overreach by asking the Court to exclude all of this material, including the entire testimony of a witness, in one stroke. The Rules of Evidence do not allow such a blunt remedy. If Defendants believe a particular statement in a report or declaration lacks foundation or is objectionable, the proper course is to raise a specific objection at trial. Wholesale exclusion of entire reports, declarations, and witness testimony is inappropriate. Their motion confirms that Defendants' true aim is not to address legitimate evidentiary concerns but to erase from the jury's view any record of their misconduct.

C. **Rule 403 Does Not Support Exclusion; Any Issues Go to Weight, Not Admissibility**

Finally, Defendants invoke Rule 403, arguing that the challenged evidence is prejudicial. But all relevant evidence is prejudicial in the sense that it harms the opposing party's case. *McClure v. State Farm Life Ins. Co.*, 341 F.R.D. 242, 258 (D. Ariz. 2022). To be excluded, the prejudice must be unfair and must substantially outweigh the probative value. That showing has not been made here.

The probative value of the Lenertz Report, her testimony, and the Haskal declaration is overwhelming. Together, they establish that Defendants not only infringed Plaintiff's DIRTY VIBES mark but also attempted to cover their tracks through manufactured "first use" evidence. This evidence goes directly to willfulness and bad faith, which are central to damages and exceptionality.

Defendants' complaints that the report is "factually inaccurate" or that the investigator's declaration lacks foundation are classic issues for cross-examination. The jury can evaluate credibility and weight. That is precisely what juries are for. Excluding the evidence outright would deny the jury the opportunity to assess Defendants' credibility against the documented record.

Moreover, it is premature to strike this evidence before trial. Courts routinely decline to exclude broad categories of testimony at the motion in limine stage, recognizing that objections are better resolved in context. If specific issues arise during trial, they can be addressed with tailored rulings. The sweeping relief Defendants request—erasing multiple witnesses and exhibits before they are even presented—is unjustified and unsupported.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion in Limine No. 2 must be denied in its entirety. Defendants' Motion in Limine No. 2 is an overreaching attempt to conceal highly probative evidence of their infringement and misconduct. The testimony of Amy Lenertz, her Dirty Vibes Report, and the Declaration of Zeev Haskal are admissible, relevant, and not subject to exclusion under Rule 26, Rule 401, Rule 402, or Rule 403.

DATED: September 5, 2025          WEINBERG GONSER LLP

By: /s/ Shahrokh Sheik
SHAHROKH SHEIK
CA State Bar No. 250650
Federal ID No. 3635002
1100 Glendon Avenue, PH-9
Los Angeles, California 90024
Telephone: (424) 239-2850
Facsimile: (424) 238-3060


GILE LAW GROUP LTD.

By: /s/ Ryan Gile
RYAN GILE
(NV Bar No. 8807)
Gile Law Group Ltd.
1180 N. Town Center Drive, Suite 100
Tel. (702) 703-7288

Attorneys for Plaintiff,
DESIROUS PARTIES UNLIMITED, INC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. Notice of such filing will be sent to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

By   */s/ Hang Tu*
Hang Tu
Paralegal, WEINBERG GONSER LLP